CHARES H. SUMMERS ET AL. *v.* LOUISA M. BRADY ET AL.

1. LIMITATION OF ACTIONS. *Chancery sale. The bar of one year. Sect. 2173 of Code.*

Sect. 2173 of the Code of 1871, which provides that no action shall be brought to recover land sold by order of a Chancery Court, where the sale is in good faith and the purchase-money paid, unless brought within one year after such sale, bars a recovery by heirs whose ancestor's lands have been sold by the administrator of his estate, under an order of the Chancery Court, and they fail to bring their action for the recovery of the lands within one year after such sale,

notwithstanding any defects in the proceedings of sale, — even the want of notice, on their part, of such proceedings, — if it appears that the sale was in good faith and the purchase-money paid.

2. SAME. *Sect. 2173 of Code. Sale in good faith. Case in judgment.*

S., being the administrator of an insolvent estate, sold the lands thereof under an order of the Chancery Court. At the sale, D. became the purchaser of the lands, ostensibly for himself; but soon thereafter he conveyed a two-thirds interest in the same to S., the administrator. D. and S. then conveyed a part of the lands to N., and several years after the judicial sale he conveyed the same to B. It appears that S., the administrator, was interested in D.'s purchase, but it is not shown that B. had any knowledge or suspicion of that fact. The heirs of the decedent bring an action of ejectment against B., who pleads the limitation of one year, as provided in sect. 2173 of the Code. *Held,* that if the land was still in the possession of S. and D., the bar of sect. 2173 could not be pleaded by them, because as to them the sale was not in good faith; but B., having no knowledge or suspicion of the administrator's secret interest in the purchase, and not being required by law to inquire into that matter, may plead the bar of that statute.

3. SAME. *Personal actions. Real actions. Sects. 2156, 2147 of the Code.*

Sect. 2156 of the Code of 1871, which constitutes an exception to the Statute of Limitations, in allowing infants, married women, etc., to bring their actions within the period of the general limitation, after the removal of their disabilities, only applies to personal actions. Sect. 2147 of the Code prescribes the limitations for real actions, and contains its own exceptions as to disabilities.

4. SAME. *Sect. 2173 of the Code, continued. Infants and femes covert.*

Sect. 2173 provides the limitation to actions for the recovery of property sold by an administrator, executor, or guardian, under a decree of the Probate or Chancery Court. The proceedings for such sales are in the nature of *in rem* proceedings; and all parties are supposed to have notice of the judicial seizure of the property, in making the sale. The period in which actions may be brought for the recovery of property thus sold is limited to one year, and there is no exception to this limitation in favor of minors and married women.

5. SAME. *Applied to infants and femes covert. Constitutional.*

A statute of limitations is not unconstitutional because it applies to infants and married women so as to bar their rights of action before the natural expiration, or removal, of their disabilities.

6. EJECTMENT. *Practice. Bill of particulars of title.*

Where, in an action of ejectment, the plaintiff demands of the defendant a bill of particulars of his title, under sect. 1551 of the Code, and the defendant files such bill with the clerk of the court, instead of delivering it to the plaintiff, and on that account the latter objects to the introduction of any evidence of title by the defendant, it is not error for the court to overrule such objection, if at the same time the court informs the plaintiff that he can have a continuance of the case if he is taken by surprise; nor is it error in such case to·

allow the defendant to amend his bill of particulars of title, during the trial, by changing the references to pages of the record in which the defendant's deeds are recorded.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

G. W. Summers died in 1864, and in 1872 his estate was declared insolvent, and the administrator was directed by an order of the Chancery Court to sell the lands belonging to the estate, for the purpose of paying the debts of the decedent. In pursuance of the order of the court, the administrator sold the lands on the 21st of December, 1872, and R. S. Drone became the purchaser thereof. Soon after this purchase, Drone conveyed a two-thirds interest in the lands to Rawley Sivley, the administrator, by whom the lands had been sold. On the 7th of February, 1874, Drone and Sivley conveyed a part of the land to L. D. McNair, and on the 20th of January, 1875, he conveyed the same to Louisa M. Brady. On the 17th of July, 1877, Charles H. Summers and others, the heirs of G. W. Summers, deceased, brought an action of ejectment to recover of Louisa M. Brady and her husband this tract of land. Two of the plaintiffs in this action were minors at the time the administrator filed his petition for the sale of the lands, and they are still minors; and two others were, at the time such petition was filed, and now are, under the disability of coverture.

Rawley Sivley and R. S. Drone, upon their application, were admitted by the court to become parties defendant to the action. The defendants pleaded in bar of the action the limitation contained in sect. 2173 of the Code of 1871, which section is as follows: —

" No action shall be brought to recover any property heretofore sold by any administrator, executor, or guardian, by virtue of the order of any Probate Court in this State, on the ground of the invalidity of such sale, unless such action shall be commenced within one year after this chapter shall take effect, if such sale shall have been made

in good faith, and the purchase-money paid; nor shall any action be brought to recover land or other property, hereafter sold by order of a Chancery Court, where the sale is in good faith, and the purchase-money paid, unless brought within one year after such sale."

On the trial, the plaintiffs objected to the introduction by the defendants of any evidence of title to the land in controversy, on the ground that they had failed to deliver to the plaintiffs a bill of particulars of their title. The plaintiffs demanded such bill on the 26th of December, 1871, under sect. 1551 of the Code; and on the same day the defendants filed the bill with the clerk of the court, instead of delivering it to the plaintiffs or their attorneys. The objection was overruled, but the court offered to continue the case if the plaintiffs were taken by suprise; but the plaintiffs' attorneys stated that they were not suprised, and the trial proceeded. During the trial, the defendants were allowed to amend their bill of particulars of title, by changing their references to the pages of the records in which their deeds were recorded; and the plaintiffs objected because the amended bill of particulars was not served on them in thirty days after the demand made by them, and because it was served without an order of court therefor. This objection was also overruled. A judgment was rendered for the defendants, and the plaintiffs sued out a writ of error. The other facts of the case, necessary to be known, are stated in the opinion of the court.

*W. Calvin Wells,* for the plaintiffs in error.

1. The plaintiffs below were not barred by the limitation of one year, prescribed in sect. 2173 of the Code of 1871, for several reasons. *First,* Rawley Sivley was a purchaser at his own sale, and therefore the sale was not made in good faith. *Second,* The purchase-money was never paid. Only about $200 of the purchase-money was paid. The balance was paid with Sivley and Drone's notes, both of which were barred by the Statute of Limitations. They are not innocent purchasers, having advanced no new consideration, nor relinquished any security for a preëxisting debt. *Upshur* v. *Har-*

*grove*, 6 Smed. & M. 286 ; *Love* v. *Taylor*, 4 Cushm. 567. See also *Richardson* v. *Brooks*, 52 Miss. 128. *Third*, Two of the plaintiffs were minors and two *femes covert* at the time the proceedings for the sale of the land were had, and they are still under such disabilities. Because of their disabilities, their right of action is saved by sect. 2156 of the Code of 1871. *Fourth*, Sect. 2173 of the Code is unconstitutional, because infants and married women are not given a reasonable time in which to bring their actions. Cooley's Const. Lim. 366 ; *Berry & Johnson* v. *Randall*, 4 Metc. (Ky.) 295 ; *Auld* v. *Butcher*, 2 Kan. 159 ; *Stearns* v. *Gillings*, 23 Ill. 389 ; *Pearce* v. *Patton;* B. Mon. 167 ; *Griffin* v. *McKenzie*, 7 Ga. 166.

2. The defendants' bill of particulars of title should have been delivered to the plaintiffs, or their attorneys. Filing it with the papers in the case was not a compliance with the statute. Code 1871, sect. 1551. The amended bill of particulars having been served on the plaintiffs without an order of court for that purpose, the statute was again disregarded. The court erred in permitting the defendants to introduce any evidence as to their title, because of the failure to furnish the plaintiffs with a bill of particulars as required by the statute.

*W. Calvin Wells*, also made an oral argument.

*T. J. & F. A. R. Wharton*, for the defendants in error.

1. The heirs of G. W. Summers could not maintain an action for the recovery of the lands in controversy after the expiration of one year from the sale thereof by the administrator. Code 1871, sect. 2173 ; *Richardson* v. *Brooks*, 52 Miss. 118 ; *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 665. There is no exception in sect. 2173 of the Code, in favor of persons under legal disabilities. As to the constitutionality of such a statute, see *Nash* v. *Fletcher*, 44 Miss. 609.

2. Even if the purchase of the land in controversy, by Drone, was made for the joint benefit of himself and the administrator, and was not in good faith, that could not prejudice the title acquired by Mrs. Brady, she having purchased without any notice of fraud. *Price* v. *Martin*, 46 Miss. 489 ; *Chapman*

v. *Sims*, 53 Miss. 154.    As to the construction of the words, "where the sale is in good faith," see *Cole* v. *Johnson*, 53 Miss. 94; *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 683.

3. When the defendants filed their bill of particulars of title in the Circuit Court within thirty days after demand made therefor, they complied with the spirit of the requirements of sect. 1551 of the Code of 1871.   The filing was equivalent to a delivery to the plaintiffs.   The object of the statute is to prevent any surprise to the party demanding such bill, by the evidence of his adversary.   The plaintiffs below admitted that they were not surprised by the defendants' bill, and therefore declined to take a continuance.   The plaintiffs in error are now estopped to object to the sufficiency of the notice of the defendants' title.   *Lockhart* v. *Camfield*, 48 Miss. 470. The amendment to the bill of particulars was a matter for the discretion of the judge.   Code 1871, sect. 1551.

*T. J. Wharton*, of counsel for the defendants in error, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Various errors and irregularities occurred in the proceedings condemning the lands of G. W. Summers, deceased, to be sold for the payment of his debts.   At the sale they were bought by R. S. Drone, ostensibly for himself only, but really for himself and the administrator, Sivley, to whom, shortly afterwards, he conveyed a two-thirds interest.   Drone and Sivley held the parcel of land here involved for about two years, and then sold it to one McNair, who, some years later, sold to defendants in error.

The heirs of Summers bring this action of ejectment, basing their right to recover upon the legal defects in the proceedings condemning the lands of their ancestor, and upon the collusive arrangements between the purchaser, Drone, and the administrator, Sivley.

The judicial sale took place in December, 1872.   This action was instituted in July, 1877.   Defendants pleaded the one year's

Statute of Limitations prescribed by sect. 2173 of Code of 1871. It is settled that that statute bars a recovery by the heirs, notwithstanding defects in the proceedings of sale, even though some or all of them had no notice of the proceedings. *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 665 ; *Hall* v. *Wells*, 54 Miss. 289.

But the requirement of the statute is, that " the sale shall have been made in good faith, and the purchase-money paid." In this case, the purchase-money was paid by actual payment of the *pro rata* decreed on all the probated claims against the estate except those held by Drone and Sivley, and by the extinguishment of these in the reception of the land. We think, therefore, that the requirement that the purchase-money should be paid is fully met.

Does the fact that the administrator was interested in the purchase so deprive it of the element of good faith as to preclude a reliance upon the statute? We think so, if the land were still in his possession, or in that of his confederate in the purchase. But in this instance five years intervened between the administrator's sale and the purchase by these defendants. They are not shown to have had any knowledge or suspicion of the fact that the administrator was personally interested in his own sale. Indeed, the administrator and Drone both protest to this hour that he was not, and it is only by a careful scrutiny of various outside collateral facts that we have been forced to a different conclusion. Upon the face of the papers, Drone alone was purchaser. It was he who paid the money and received the deed, so far as the records show, though in reality two-thirds of the money was advanced by the administrator. Under these circumstances, we think that the defendants may successfully plead the statute referred to. A sale at which the administrator making it becomes the purchaser is not void ; it is voidable only, at the election of the parties in interest. Where those parties suffer the property to remain in the hands of the purchasing administrator sufficiently long for a statute of limitations to bar them, they certainly could not recover from sub-

purchasers acquiring title after the bar had attached.   If it be replied that the bar of this short and peremptory statute never attaches except where there has been a sale in good faith, we answer, that while this is true as against the administrator, a different rule must be applied in favor of the innocent vendee who has purchased after the bar has become complete, so far as can be discovered by the record.   It could never have been intended to so limit the benefit of the statute as to require remote purchasers to prosecute inquiries into the hidden interest of the administrator in the purchase.   We confine ourselves to the particular act under consideration, — to wit, a secret purchase by an administrator at his own sale, — and leave questions of concealed frauds and fictitious debts for consideration when they shall arise.

It is urged that sect. 2173 does not apply to minors and married women ; or, rather, that such persons must have, under sect. 2156, one year after the removal of their disabilities within which to bring their suits.   This is erroneous.   Sect. 2156 applies only in express terms to " the actions before mentioned," all of which are personal actions.   The limitations as to real actions are found in sect. 2147, which contains its own exceptions as to disabilities.   Sect. 2173 provides for a special and exceptional state of case, — namely, to actions for the recovery of property sold by an administrator or guardian, under a decree of the Probate or Chancery Court. The proceedings for such sales are in the nature of *in rem* proceedings.   All parties are supposed to have notice of the judicial seizure of the property, in making the sale ; they are required to assert their rights within one year thereafter, and the Legislature saw fit to make no exception in favor of minors and married women.   The constitutional power to apply statutes of limitation to minors and married women is undoubted.   We treated this statute *sub silentio*, as applicable to them, in *Morgan* v. *Hazlehurst Lodge*, and *Hall* v. *Wells*, *supra*, and are satisfied of the correctness of that ruling.

There was no error in the action of the court with reference to the bill of particulars of defendants' title. Under the rulings of the court, it.was impossible that plaintiffs could have sustained any injury.

Judgment affirmed.