R. B. SANDERS v. J. W. SORRELL ET AL.

ADMINISTRATOR'S SALE. *Suit to annul. Secret equities. Bona fide purchaser. Case in judgment.*

Certain lands were sold at an administrator's sale. The administrator procured one T. to purchase the land for his (the administrator's) benefit. The entire proceedings of sale as shown by the record were regular, and the sale was duly confirmed. One year afterwards, T. conveyed the land to one B., who, on the same day, conveyed it to S. S. paid in full the purchase money therefor. The heirs brought suit to annul the sale and cancel the conveyance made in pursuance thereof, on the ground that the sale was made to and for the benefit of the administrator. It was not shown that S. knew anything of the collusion between the administrator and T. *Held,* that S., being a *bona fide* purchaser for value, without notice of the illegal conduct of the administrator in making the sale, is protected in his purchase.

APPEAL from the Chancery Court of Claiborne County.

HON. WARREN COWAN, Chancellor, presiding by interchange with Hon. Lauch McLaurin, who was of counsel in the case.

The case is stated in the opinion of the Court.

*Lauch McLaurin,* for the appellant.

1.   Was the adminstrator's sale valid?   The presumptions of law are in favor of its validity.

The probate record of the administration is perfectly regular.   It shows that the administrator's sale was legally ordered, conducted, concluded and confirmed; that the purchase money was paid, and afterwards expended under the directions of the court, and that these orders and the entire administration, with no indecent haste, and upon due notice, were approved by the allowance of the administrator's final account.

If then the sale was void, and no irregularities appear upon the probate record, the burden of proof, dehors this record, is upon appellees.

2. Appellant and his grantors were innocent purchasers, etc. Such purchasers are special favorites in courts of equity.   See *Boon* v. *Chiles,* 10th Peters' U. S. Rep., 177.

3. The one year statute is a good defence; but it was error for the lower court to consider this defence only.

*Lauch McLaurin* argued the case orally.

*J. Mc. C. Martin,* on the same side.

Robert B. Sanders purchased over two years after sale made and confirmed.   The bar of the statute had then fixed. He paid $1000 in good faith for said land.   He made inquiries at the proper place respecting the title to said land, and found it regular and valid; and he is entitled to be protected in such purchase.

*J. Mc. C. Martin* also made an oral argument.

*Stephen Thrasher,* for the appellees, submitted the case upon an oral argument.

COOPER, C. J., delivered the opinion of the Court.

This is a suit by the heirs at law of Green Sorrells to cancel certain conveyances by which the land of their father has been vested in the appellant.   Green Sorrells died some time prior to

the year 1866, and in that year administration upon his estate was granted by the proper court to one A. D. Jones as a creditor, the widow having declined to take administration. The administrator petitioned for and obtained an order for the sale of the lands of his intestate for the payment of debts, and in due time reported that a sale thereof had been made to one Tanksley at a price named; this report was approved by the court and the sale confirmed, and thereafter the administrator exhibited his final account, which was passed, and the administration closed. About one year after the administrator's sale, Tanksley conveyed a part of the land to one Baggett, and a part to J. J. Covington. Afterwards Covington conveyed the portion he had bought to Baggett, who, on the same day, conveyed the whole tract to the defendant Sanders, who has since that time been in possession thereof, having paid in full the purchase price.

The proceedings in administration are regular and valid, as they appear on record, and there is nothing found in them to cast any doubt upon the validity of the sale. The ground upon which the sale is attacked by the heirs at law is that Tanksley was a mere figure-head and that the sale was, in fact, made by Jones, administrator, to himself, which fact he concealed from the court by procuring Tanksley to appear as the purchaser. We think the evidence supports the allegation of the bill in this respect, and if this alone would entitle the complainants to a decree regardless of the character of Sanders as a *bona fide* purchaser, we would affirm the decree of the Chancellor. We will consider the case first in the light it was viewed by the Chancellor and then pass to other questions of fact not decided by him. The Chancellor delivered a written opinion, which is filed in the record, and disposed of the case on the ground that since Jones, the administrator, was the real purchaser at the sale, the heirs at law are entitled to a decree cancelling all the conveyances under which the defendant claims, even though he and Baggett and Covington may have been innocent purchasers.

This, we think, is an erroneous view of the rights of the parties, into which the Chancellor was probably led by the fact that the defendant relied upon a statute of limitations which we think has nothing to do with the controversy.

By Section 2173 of the Code of 1871 it was declared that, " No action shall be brought to recover any property heretofore sold by any administrator, executor or guardian, by virtue of the order of any probate court of this State, on the ground of the invalidity of such sale, unless such action be commenced within one year after this chapter shall take effect, if such sale shall have been made in good faith, and the purchase money paid, etc."

The Chancellor held that since it was shown that the administrator bought at his own sale, it was not a sale made in " good faith " within the meaning of the statute, and because it was not that the heirs at law were entitled to succeed.

If it be conceded that the purchaser is not protected by the operation of the one year statute of limitation, it does not necessarily follow that other independent defences set up by him may not avail. That would depend upon the sufficiency of the evidence to establish the facts of the independent defence and its sufficiency in law when established. The purpose of Section 2173 of the Code of 1871 was to protect by the operation of a short statute of limitations defective titles; titles which otherwise might be attacked and overthrown by heirs at law and others, on the ground of defective proceedings in the probate court, long years after the sale under which the purchaser claimed. But if the title of the party defendant is a good title regardless of the one year statute, it is none the less available because the defendant unnecessarily and ineffectually invokes the protection of the statute.

Sanders interposed as a defence to the bill not only the bar of the one year statute, but also that he was a *bona fide* purchaser of the land and had fully paid for the same before he had any knowledge or notice of any defect in the title of his vendors, or of complainants' claim to the land. This, if true, presented a complete defence to the bill exhibited against him. An administrator is not permitted by a court of equity to become a purchaser at his own sale as against the heirs at law who interpose objections thereto. But the sale is not void; it is voidable at most. Ordinarily the sale is not sought to be avoided, but relief is obtained by declaring the purchaser to be a trustee for the heir at law. But whatever may be the form of attack, the

rule is universal that a *bona fide* purchaser from the person hold-ing the legal title, before any steps have been taken to fix upon him the character of trustee, is protected by his own good faith. Bearing in mind the fact that there is nothing in the record of the proceedings in administration to give notice of any defect of title in the purchaser at that sale; that what was done was suf-ficient to divest the title of the heir at law and vest it in the purchaser, and that the extent of the right of the heirs at law was to convert the purchaser into a trustee for their use, we have the familiar cases of a *bona fide* purchaser for value of a perfect legal title, against whom it is sought to enforce a secret equity. It is useless to cite authorities to support the propo-sition that the title of such a purchaser will not be disturbed. We cite only one, that of *Chapman* v. *Sims*, 53 Miss., 154, be-cause the circumstances of that case are similar to those of the one before us.

The complainants made an effort to fix the defendant with notice of the facts upon which they rely before he purchased the land from Baggett. But we think the effort was not successful. Hudson, the step-father of complainants, testifies that in 1868, 1869 or 1870, and before the defendant had bought the land he had a conversation with him, in which he stated that he be-lieved the heirs of Sorrells would recover the land because they had " been wronged out of it." His idea being that it had been sold for a grossly inadequate price by reason of which they could recover. One McClure testifies that he was present at this conversation and volunteered the information that he " be-lieved the sale was a sham sale, and that Tanksley had bought for the administrator." Hudson did not hear anything said about Tanksley having bought for the administrator in this con-versation. The defendant testified that this conversation oc-curred after he had bought and paid for the land, and that noth-ing was said in reference to a purchase by Tanksley for the administrator. In this condition of the evidence we do not think the defendant's position as a *bona fide* purchaser has been successfully attacked. It is difficult to conceive how Mr. Mc-Clure can remember the details of a casual conversation that occurred sixteen or eighteen years ago in reference to a matter

in which he had no sort of interest, more accurately than those who had an interest therein. The testimony of all the witnesses is that the conversation was a casual one, and neither of the witnesses for complaint can fix the date at which it occurred. The fact that the defendant has paid the full purchase price seems not to be controverted. We are of opinion that his title should not be disturbed on the indeterminate, doubtful evidence produced against him.

<em>The decree is reversed and bill dismissed.</em>