RULURA BRADLEY *v.* OMER VILLERE ET AL.

1. LIMITATION OF ACTIONS.   *Property sold by order of chancery court.   Code 1880, ₹ 2693.*

This section provides as follows: "No action shall be brought to recover any property hereafter sold by order of a chancery court, where the sale is in good faith, and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of such property."

2. SALES IN VIOLATION OF CONSTITUTION.

The above section of the code applies as well to sales made in disregard of the constitution as to those made in disregard of statutes.   Therefore, if land be sold under order of a chancery court, in tracts exceeding one hundred and sixty acres, suit to recover the same must be brought within two years, notwithstanding such sales are violative of ₹ 18, art. xii, of the constitution.

3. SALES IN BAD FAITH: WHAT ARE NOT.   *No difference between constitutional and statutory requirement.*

Bad faith cannot be imputed to such a sale merely because made in disregard of the constitutional requirement.   In this respect there is no difference between a sale avoided by a disregard of the constitution, and one made void by want of conformity to a statute.   A valid statute is as binding as the fundamental law.

APPEAL from the chancery court of Madison county.

HON. WARREN COWAN, Chancellor.

The land in controversy was sold in 1886, under a decree of the chancery court of Madison county, rendered January 21, 1886. The land was sold in tracts exceeding a hundred and sixty acres, and the sale was, therefore, in violation of § 18, art. xii, of the constitution, which is as follows: "All lands sold in pursuance of decree of courts or execution shall be divided into tracts, not to

exceed one hundred and sixty acres." The appellees obtained title from the purchaser at said sale, and contracted to sell the land to appellant. The latter failed to perform the contract of purchase, and the bill in this case was filed by the appellees against the appellant, to enforce the contract of sale. This suit was brought more than two years after possession was taken by the purchaser, under the said chancery sale.

The defendant demurred to the bill, among other grounds, because the sale under decree above mentioned was void because of the said constitutional requirement, and could not be cured by the statutory limitation of two years. This statute is as follows : " No action shall be brought to recover any property hereafter sold by order of a chancery court, where the sale is in good faith, and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of such property." This appeal is taken from the decree of the court, overruling the demurrer.

*E. E. Baldwin,* for appellant.

The only question before this court is whether a sale of lands, made in open, notorious, and direct contravention of the clause of the constitution requiring all sales of lands made under judgments or decrees of courts to be made in parcels of not more than one hundred and sixty acres, is cured by the two years' statute of limitations in regard to sales under decrees of the chancery courts. The constitutional provision is plain and unequivocal. It applies to *all* sales, without exception.

The contention by appellees that it refers only to money decrees and judgments and not to matters *in rem* is untenable. The plain English of the constitution will not bear such a construction. As the sale was in contravention of our highest law, the sale was a nullity. The object of the provision is to divide up the lands which are in too large tracts for the prosperity of the state, and the necessity for dividing them is not obviated by any proposed use of the fund raised by the sale.

Possession by the purchaser for more than two years under the sale could not in this case bar a suit to recover the land. The two

tracts sold aggregated more than fourteen hundred acres, lying miles apart, and were sold for the purpose of dividing the proceeds. Such a sale cannot be said to be in good faith. Citizens and officials cannot thus deliberately nullify the provisions of the constitution, and then in little more than two years turn and defy the law to attack their misdeeds because committed more than two years before suit.

"If a purchaser know that the judicial proceedings are fatally defective, or that the officer has not conformed to law and the directions of the decree, the sale has not been *bona fide*." *Hazlehurst Lodge* v. *Morgan*, 53 Miss. 665.

The above constitutional provision is widely and generally known, and the purchaser certainly knew that it was being violated and thus knew of the defect. If so, his want of good faith is conspicuous, and he got no title.

*Calhoon & Green*, for appellees.

The bar of two years, under code, § 2693, from the chancery sale is complete against the world—infants, married women, and all. It even bars persons who were *not parties*, being *in rem*. Section 2173, code 1871, does not refer to possession as does the code of 1880. Possession was engrafted by the courts to avoid the constitutional question of no notice. *Summers* v. *Brady*, 56 Miss. 10; *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 666; *Hall* v. *Wells*, 54 Miss. 289; *Jeffries* v. *Dowdle*, 61 Miss. 504.

If the statute can bar where persons are not parties, in the face of the constitutional provision that no one shall be deprived of his property, except by due course of law, surely it will bar where the land was not sold in proper quantities.

But the constitution does not apply to sales for partition, the very reason for sale being that it cannot be divided in kind. It refers to proceedings and sales to pay debts, decrees, or judgments, not *in rem* but *in personam*. This is the reason and the spirit of it.

CAMPBELL, J., delivered the opinion of the court.

If it be true that § 18, art. xii, of the constitution, operates to annul all sales of land by virtue of decrees of courts, where the

lands are not divided into tracts not to exceed one hundred and sixty acres, it is certain that § 2693 of the code is as broad and comprehensive as to the sales it embraces as the constitutional provision referred to, and applies its beneficent cure to sales without regard to what makes them void.

The argument that good faith is not predicable of a sale made in disregard of the constitutional requirement is not sound, for in this respect there is no difference between a sale avoided by a disregard of the constitution and one made void by want of conformity to a constitutional law. The latter is as obligatory as the former. The only difference is that the constitution cannot be abrogated by the legislature, while a law may be, but as long as a statute is unrepealed it is as binding as the fundamental law.

*Affirmed.*