JAMES M. SHANNON ET AL. *v.* THOMAS SUMMERS ET AL.

1. ESTATES OF DECEDENTS. *Administrator's sale to pay debts. Citation of heirs. Recitals of decree. Collateral attack.*

    A recital in a decree ordering a sale by an administrator to pay debts that it appeared to the satisfaction of the court that summons had been issued and duly served on all persons interested in the estate, is sufficient, on collateral attack, to sustain the jurisdiction of the court, as against an objection that citation was not served upon the heirs, although no citation is found in the file, and there is no note of the issuance and service of citation in the general docket of or index to estates.

2. SAME. *Bond for application of proceeds. Code 1880, § 2045. Code 1892, § 1905. Evidence. Lost record. Search.*

    Parol testimony by an administrator that he executed the statutory bond under Code 1880, § 2045 (Code 1892, § 1905), providing for a bond, to be given by the administrator before sale, for the faithful application of the proceeds, as required by order of court, on selling the land of his decedent to pay debts, is incompetent, in the absence of a showing that search had been made for the bond itself by the person charged with its custody, in the place where by law it should be kept.

3. SAME. *Land sold in bulk. Constitution 1869, art. 12, sec. 18.*

    The sale by an administrator of an entire half section of his decedent's land in a body, excepting and reserving the homestead exemption and widow's dower, which were not judicially ascertained and fixed, in order to pay debts of the decedent, is void, under Constitution 1869, art. 12, sec. 18, requiring all lands sold in pursuance of decrees of court to be divided into tracts not to exceed one hundred and sixty acres.

4. SAME. *Limitation of actions. Code 1880, § 2693. Code 1892, § 2760.*

    Code 1880, § 2693, Code 1892, § 2760, declaring that no action shall be brought to recover any property hereafter sold by order of the chancery court, where the sale is in good faith, and the purchase money paid, unless brought within two years after possession taken by the purchaser under the sale:

    (*a*) Applies to sales made in violation of Constitution 1869, art. 12, sec. 18, requiring land sold in pursuance of a decree of court to

be divided into tracts not to exceed one hundred and sixty acres; but

(b) The section only applies where the sale is in good faith, and the burden of proving good faith is on the purchaser; and

(c) It cannot be invoked by a subsequent *bona fide* vendee where the original purchaser did not act in good faith.

5. SAME.   *Sale to administrator.   Purchase money not paid.*

A sale to pay debts of a decedent's estate, made by the administrator to his agent, who was purchasing for him, and who never paid the amount of his bid, which the administrator credited to the estate against a debt owing by it to himself, was not made in good faith, within the meaning of Code 1880, § 2693, Code 1892, § 2760, declaring that no action shall be brought to recover any property hereafter sold by order of the chancery court, where the sale is in good faith and the purchase money paid, unless brought within two years after possession taken by the purchaser under the sale.

6. SAME.   *Purchasers charged.   Record notice.*

Purchasers who deraign title through a chancery sale are charged with notice of a violation of Constitution 1869, art. 12, sec. 18, requiring land sold in pursuance of decrees of courts to be divided into tracts not exceeding one hundred and sixty acres, which the record of the proceedings leading up to the sale discloses.

FROM the circuit court of, first district, Yalobusha county.

HON. SAMUEL C. COOK, Judge.

Shannon and others, appellants, were plaintiffs in the court below; Summers and others, appellees, were defendants there. From a judgment in defendants' favor the plaintiffs appealed to the supreme court.

*E. D. Stone,* and *I. T. Blount,* for appellants.

The plaintiffs and defendants all claim title from common source—Aaron McCameron, deceased, who died about 1875. The plaintiffs are the heirs, or the assignees of the heirs, of the said decedent, and defendants claim through a chancery sale of the lands for the payment of the debts of Aaron McCameron, deceased.

It was held in an early decision of this court, *Root* v. *McFerrin,* 37 Miss., 17, that "upon the death of an intestate his realty descends to his heirs, and their title can only be divested by their own voluntary act, or by regular sale under the decree of a court of competent jurisdiction made in pursuance of law." Also, "that the power of the court of probates over realty is derived from legislative grant, and this grant is the donation of a special and limited jurisdiction, which can only be exercised in strict accordance with the conditions and limitations imposed by the legislature." That case held, further, "No presumption will be indulged in favor of the jurisdiction of a court of inferior, special, and limited jurisdiction; and in such cases all the jurisdictional facts must appear affirmatively in the record, or else the judgment will be void."

In this case it should have been made to appear affirmatively that all the heirs were served strictly in accordance with law, the minors being served as the law provides minors should be served; yet this nowhere appears to have been done. It does not appear, either, that the bond required to be given by an administrator for the faithful application of the proceeds of the sale of the land had been given as required by law before making the sale. This bond, according to the statute, shall be made before the sale. It may be made a minute, an hour, a day, a week, a month, perhaps, before sale, but according to the law it must be made before the sale.

The defendants attempted to show the giving of the bond required in two ways: First, by a recital in the decree of confirmation as follows, "And it appearing to the satisfaction of the court that the sale was made, conducted, and concluded strictly in accordance with the forms and requirements of law, and the decree of this court;" and, second, by the testimony of Herron, the administrator, that he made the bond "about the time of the sale, or a few minutes after it was made." Yet he cannot say that it was ever filed, nor can he say who his sureties were, nor the penalty of the bond. This proof was admitted without

any showing that the bond was lost, over the objections of the plaintiffs.

The giving of the bond has in all cases passed on by this court been held to be essential to the validity of the sale. 27 Miss., 52; 26 Miss., 646; 34 Miss., 179; 34 Miss., 304; 41 Miss., 460; 44 Miss., 591.

From the decisions of this court it is plain that if there was a failure of service on the heirs or a failure of the administrator to give the required bond before the sale, the title of the defendants is void, and we insist that an inspection of the whole record fails to show such compliance with the statute in such cases as is required to divest the title of the heirs. As to recitals in a decree, we call special attention of the court to 44 Miss., 235, where it is held that recitals must be controlled by the other parts of the record; that the whole record must be examined, and if it does not support the recitals of the decree, the recitals are not binding. 57 Miss., 183; 76 Miss., 317.

The sale was void because the land was not sold in subdivisions as required by Constitution 1869, art. 12, sec. 18.

In response to the suggestion of appellants' counsel, that Code 1880, § 2693, debars plaintiffs from recovery because more than two years had elapsed since the chancery sale, we say this applies only when the sale was in good faith and the purchase money paid. In this case Herron, the administrator, sold the land to pay a debt due to his firm, and, through Rowland, purchased at his own sale.

*Mayes & Longstreet,* for appellees.

There is nothing in the record which affirmatively shows that citation was not properly served. The record simply fails to include a summons. There is, however, an answer filed by the widow, in which the making of the sale was opposed.

The decree of sale, however, contains the following recital: "And it appearing to the satisfaction of the court that sum-

mons has been issued and duly served on all persons interested in said estate," etc.

That such recital is conclusive in an action of ejectment is well settled in this state. *Cocks* v. *Simmons,* 57 Miss., 183, 195; *Silvey* v. *Summers,* 57 Miss., 730, 731; *Yerger* v. *Ferguson,* 55 Miss., 196, 197; *Root* v. *McFerrin,* 37 Miss., 46, 47, 48; *Dogan* v. *Brown,* 44 Miss., 235; *Lester* v. *Miller,* 76 Miss., 317; *Grego* v. *Grego,* 78 Miss., 444, 445.

The second objection to defendants' title was based on the alleged fact that under the decree of sale the administrator gave no bond. To put it more precisely, the objection is that no administrator's bond can be found among the papers. The court will observe that the chancery record which was offered in evidence was made up of loose papers, and that this sale took place in 1882, which is twenty-two years ago.

The fact that the administrator's special bond is not found now among these papers is of but little consequence in the attitude occupied by the record, for the transcript shows the decree of confirmation, and in that decree of confirmation appears the following recital: "And it appearing to the satisfaction of the court that said sale was made, conducted, and concluded strictly in accordance with the forms and requirements of law and the decree of this court, and that report thereof is in due and proper form, it is considered by the court," etc.

The foregoing decree is sufficient, therefore, because of that recital, under the authorities cited above, even in the absence from the file of the administrator's bond. Especially is that true when it was not only the law which required the bond to be given, but there was also an express provision in the decree of sale that such bond should be given, and the decree of confirmation recites, as shown above, that the sale was made in strict conformity with that decree.

There is still another and distinct answer to this proposition that the files do not include now—an administrator's special bond. Suppose it were true that the administrator never had

given a bond and that no such recital was contained in the decree of confirmation, the case would then fall under the provision of Code 1880, § 2693, which declares that no action shall be brought to recover any property thereafter sold by order of the chancery court where the sale is in good faith and the purchase money paid, unless brought within two years after the possession taken by the purchaser under such sale. See cases cited under Code 1892, § 2760.

As a matter of fact, the administrator did give the bond, and it is proven by his uncontradicted testimony.

It may be argued, however, that the evidence in this case shows that the administrator bought at his own sale, and, therefore, that the sale cannot be said to have been made in good faith as required by Code 1880, § 2693. Exactly what the evidence does show is this: The McCameron debt consisted of a note due to Bryant & Herron in 1877. F. B. Herron, the administrator, was a member of this firm. One W. C. Rowland was the bookkeeper of the firm, and Mr. Herron, the administrator, informed Mr. Rowland that he could not buy the land as administrator, but that he wanted Rowland to buy the land to pay the indebtedness, and that he, Herron, would afterwards take the land off of Rowland's hands if he did not want it or could not sell it.

With that understanding Rowland bought the land at $200 in order to protect the Bryant & Herron debt, and he kept charge of the place, paying taxes on it, etc. (although it did not yield him any rents because the widow was occupying the same as dower), until he, Rowland, sold it to Frank Herron.

Now, Rowland's deed to Frank Herron was executed on the 28th day of September, 1891, which was nine years after he bought it.

The record is a little obscure on one point here, but it indicates that Francis B. Herron and the Frank Herron to whom Rowland's deed was executed were not the same, but were dif-

ferent individuals. F. B. Herron, on cross-examination, speaks of Rowland's having sold "to Frank Herron."

As the administrator's arrangement with Rowland was that Rowland should buy to protect the firm, and it was further that he would take the land off of Rowland's hands in the event that Rowland did not want it and could not sell it to anybody else, and since Rowland did keep the land nine years and then sold for nearly double the money to Frank Herron, who at the time of the purchase by him seems not to have been in any wise connected with the McCameron estate or with the firm of Bryant & Herron or with the administrator, it cannot be said that it was a purchase by the administrator.

But suppose the land had been purchased by the administrator, then still the record shows that it was afterwards, in the year 1896, sold by a commissioner in chancery, as property of F. B. Herron & Co., to Armstrong, Bryant & Bondurant, and that Edwin Newburger, the landlord and defendant below, in 1896, bought the same from Armstrong & Bondurant, sub-vendees.

Under these conditions the sub-vendee, Newburger, is entitled to the protection of the statute. *Summers* v. *Brady,* 56 Miss., 10, 16.

And even if he were not entitled to the protection of the statute, yet still he would be entitled to protection by independent equities as a *bona fide* purchaser, even in a chancery proceeding, much less in an action of ejectment. *Jeffries* v. *Dowdle,* 61 Miss., 504; *Sanders* v. *Sorrell,* 65 Miss., 288.

The record in this case shows that after Rowland conveyed the lands in question to Frank Herron, which was done on the 28th of September, 1891, certain creditors of F. B. Herron & Co. and of Francis B. Herron, by a proceeding in chancery, subjected their assets to their debts, and that the lands in question, by the decree of the chancery court, were sold and conveyed by John Bailey, special commissioner, to Armstrong, Bryant & Bondurant; also that Bondurant afterwards sold to

Bryant; also that Armstrong & Bryant afterwards sold to Edwin Newburger, the landlord in this case.

These deeds are at least *prima facie* evidence of the payment of the purchase money and of the want of notice of any equities outstanding as to these subsequent purchasers, and constitute them *bona fide* purchasers, all of which inures to the benefit of Edwin Newburger. Authorities cited above; also *Gordon* v. *Manning,* 44 Miss., 759; *Metcalfe* v. *Brandon,* 60 Miss., 685; *Richards* v. *Vaccaro,* 67 Miss., 516, 519; *Atkinson* v. *Greaves,* 70 Miss., 42.

Again, and independent of the equities above, the heirs cannot maintain ejectment. *Temples* v. *Cain,* 60 Miss., 478.

Argued orally by *Isaac T. Blount,* for appellants, and by *Edward Mayes,* for appellees.

Cox, J., delivered the opinion of the court.

This is an action of ejectment for a tract of land in Yalobusha county, described as the south half of section 3, township 24, range 7, east. Defendants pleaded the general issue. It was agreed that Aaron McCameron, deceased, was the common source of title. All of plaintiffs but J. M. Shannon were children of McCameron. Shannon deraigned title to an undivided interest through conveyances from McCameron's other children. Defendants deraigned title through a sale made by F. B. Herron, administrator of McCameron, under an order by the chancery court of Yalobusha county, rendered March 30, 1882, which directed sale of said land, including the estate's reversion in the dower of the widow of deceased, but excluding therefrom the homestead exemption, for payment of debts. The administrator's report of sale showed that he sold "the following lands of said estate—to wit, S. ½ of Sec. 3, T. 24, R. 7, in said county of Yalobusha, first excepting and reserving from sale the homestead exemption of decedent and his widow's dower, when W. C. Rowland became the best bidder and purchaser." The report

further recites that he sold also the estate's reversion in fee in the widow's dower in said land to the same party, W. C. Rowland. This report of sale was ratified, approved, and confirmed by a decree rendered September 26, 1882, which recites that it appeared "to the satisfaction of the court that said sale was made, conducted, and concluded strictly in accordance with the forms and requirements of law and the decree of this court, and that the report thereof is in due and proper form." Plaintiffs objected to the introduction of the said orders and the record of which they were a part, but their objection was overruled. The court directed a verdict for defendants, and rendered judgment "that plaintiffs take nothing by their suit, excepting that they have the homestead of Aaron McCameron, deceased; the same to be surveyed and laid off or ascertained by metes and bounds, when the plaintiffs may take possession thereof so ascertained; the same being eighty acres, to include the residence of said McCameron when he died, or the land on which said residence stood at that time; and the plaintiffs pay all costs."

It is urged against the record and decrees in the chancery proceeding that the entire proceeding was void, and the sale by the administrator a nullity, for the want of service of citation upon the heirs of McCameron to show cause why sale should not be made. No citation was found in the file, nor was any note of the issuance and service of citation found in the general index to estates. The decree ordering sale, however, recites that it appeared to the satisfaction of the court that summons had been issued and duly served on all persons interested in said estate. This is sufficient to sustain the jurisdiction of the court as to this objection, as against a collateral attack. *Cocks v. Simmons,* 57 Miss., 183; *Silvey v. Summers,* 57 Miss., 730.

It is also urged that the sale was void because it does not appear that the administrator executed the statutory bond in the penalty of $500, as required by order of the court. The defendants were permitted to show by parol, by the testimony of

F. B. Herron, administrator, that he executed a bond in the sum of $500; but he could not say whether this was done before or after the sale, nor whether the bond was ever filed or approved. This was error. Parol evidence is not competent to prove the existence and contents of an instrument of record until it is shown that search has been made for it by the person charged with the custody thereof, in the place where by law it ought to be kept. Besides, the evidence, even if competent, falls short of proving the execution and approval of the bond before sale. This error, however, is not material to be considered in determining this case. Nor is it necessary to determine whether the recital in the decree of confirmation that said sale was made, conducted, and concluded strictly in accordance with the forms and requirements of law and the decrees of this court, imports that the bond had been made as required.

In the view of this court, the sale was void because of the failure of the administrator to comply with sec. 18, art. 12, Constitution 1869, which required all lands sold in pursuance of decrees of courts or execution to be divided into tracts not to exceed one hundred and sixty acres. It is perfectly manifest from the record that the administrator offered for sale, and sold, the entire half section in a body, excepting and reserving the homestead exemption and the widow's dower, which were not judicially ascertained and fixed.

It is insisted, however, by appellees that all omissions and defects in the record of the chancery proceeding are cured by the two years' limitation provided by Code 1880, § 2693, which declares that "no action shall be brought to recover any property hereafter sold by order of a chancery court, where the sale is in good faith, and the purchase money paid, unless brought within two years after possession taken by the purchaser under such sale of such property." It has been held by this court that this section applies where sales have been made in violation of sec. 18, art. 12, Constitution 1869. *Bradley* v. *Villere,* 66 Miss., 399 (6 South. Rep., 208).

But by its terms, Code 1880, § 2693, does not apply in any case unless the sale is in good faith. The burden is on the purchaser to show that the sale was made in good faith. *Jeffries* v. *Dowdle,* 61 Miss., 508. That burden was not met in this case. It is evident from the testimony of Herron, the administrator, and of Rowland, purchaser, that the latter, in purchasing the land, acted as agent for the former, who was to take the land off his hands, and that while the administrator, who owned all the debts chargeable against the estate, gave the estate credit by the amount of Rowland's bid for the land, yet Rowland never paid Herron, either as administrator or otherwise, the amount of his bid. It is reasonably certain that the debt due by the estate paid Rowland's bid for the land, and that the purchase money was not paid otherwise. The sale was virtually made by the administrator to himself, and was consequently not in good faith within the meaning of the statute.

We therefore hold the sale void because made in violation of a provision of the constitution, and it was not protected by the two years' limitation, because not made in good faith. Subsequent vendees cannot shelter themselves behind the two years' limitation where the original purchaser could not. It is only the good faith of the parties to the chancery sale that is to be considered in determining as to whether the bar of the two years' statute can be invoked. The good faith of subsequent vendees has nothing whatever to do with the application of the statute. *Jeffries* v. *Dowdle,* 61 Miss., 508. Nor can the appellees (defendants below) successfully invoke the doctrine of innocent purchaser for value. Deraigning title through a chancery sale, they were charged with notice of everything in the record of the proceedings leading up to the sale and conveyance. It was manifest from the record that the sale was made in disregard of a provision of the constitution applicable thereto. Defendants are charged in law with a knowledge of this fatal defect in their title when they acquired it. Hence their title must fail.

---
Statement of the case.
---

The judgment of the court was erroneous, and will be reversed.

                                        *Reversed and remanded.*

TRULY, J., dissented, holding that appellees are protected by the recitals of the decree and their own unquestioned good faith. *Summers* v. *Brady,* 56 Miss., 10; *Sanders* v. *Sorrell,* 65 Miss., 288 (3 South. Rep., 661).