## JOHN H. EVANS *v*. FORSTALL & JUMONVILLE.

1. ESTOPPEL. *By conduct. Waiver of mortgage.*
  It was arranged between E. and B. that A. should ship his cotton to the former, who was a cotton-factor, and should receive some advances thereon. B. made the advances to A., but before he could get any of the cotton he was compelled to pay the rent of the land on which it was produced. B. had no notice of the lien for rent until after he made the advances to A. After pay-ing the rent, B. received the cotton, which he sold, and applied the proceeds to

the payment of the advances to A. and for the rent, except a small surplus. E. then notified B. that he had a mortgage on the cotton, and demanded the full amount realized therefrom, except what was paid for rent. B. refused this demand, and E. filed his bill in chancery to compel compliance. *Held,* that E. must be regarded as having waived his rights under his mortgage; and he is estopped by his conduct to assert his claim as against B.

2. SAME. *Acts and declarations. Constructive notice by record.*

A purchaser of property from a mortgageor is not bound by constructive record notice of the mortgage thereon when the mortgagee, by his acts or declarations, asserts that he has no claim on the property.

APPEAL from the Chancery Court of Washington County. Hon. W. G. PHELPS, Chancellor.

H. A. Abercrombie executed to John H. Evans a mortgage on the crop to be grown by him during the year 1878, to secure a debt due by the former to the latter for $1,100. The mortgage was duly recorded on the 21st of February, 1878, in Washington County, Mississippi, where the crop was to be produced.

Sometime in the fall of 1878 it was arranged between John H. Evans and E. Bourgess, a member of the firm of Forstall & Jumonville, resident in the town of Greenville, in Washington County, of this State, that Abercrombie should ship his cotton to the house of said firm doing business in New Orleans, Louisiana. The terms and effect of the agreement between Evans and Bourgess are sufficiently stated in the opinion of the court. Forstall & Jumonville received seventy-six bales of cotton, which they sold, and applied the proceeds thereof to the payment of the amount advanced for the rent of the land upon which the cotton was made, and of the advances made by them to Abercrombie, except $147.29, which they tendered to Evans. Evans then filed a bill in chancery to compel Forstall & Jumonville to pay over to him the full amount realized from the sale of the cotton, less that paid for rent of the land. Upon final hearing the bill was dismissed, and Evans appealed.

*Yerger & King,* for the appellant.

The pleadings and evidence do not show anything in the

words or conduct of the appellant which can operate as an estoppel against the assertion of his claim. The rule as to estoppel is this: " Where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." 1 Greenl. on Ev., sect. 204, note. The principle upon which estoppel rests is, that it would be a fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others have acted. *Sulphine* v. *Dunbar*, 55 Miss. 261. A man can be estopped from denying only what he has once admitted. Herman on Estop. 341. Though the representation be wilfully false, in order to found a right in the party to whom it is made to avoid it, it should be of such a nature that he had a clear right to rely upon it as an actual and indisputable fact. 1 Story on Con., sects. 510, 511.

In the case of *Rice* v. *Dewee*, 54 Barb. 455, it was contended by purchasers from a mortgageor that the mortgagee was estopped to set up his lien against them by reason of his failure to assert his lien during the making of certain improvements on the land by the purchasers. But the court held that the mortgagee had the right to presume that the purchasers had examined the records, and that no case could be found where a mortgagee whose mortgage was duly recorded lost any right by neglecting to give personal notice to a purchaser from the mortgageor.

*Frank Johnston*, for the appellees.

Evans is clearly estopped to assert the claim which he sets up in this case. He knew of the lien on the cotton for rent, and of his mortgage, and that further advances were necessary to enable Abercrombie to get out the cotton. He disclosed the last, and concealed the other two facts. His conduct furnishes all of the elements of an estoppel by concealment: (1) the concealment was made with a full knowledge

of the facts on his part; (2) the appellees were ignorant of the facts; (3) Evans must have expected that his conduct and language would be acted upon, and (4) the appellees did act upon it. As to the elements of such estoppel, see Big. on Estop. 437. Silence alone, when a party should speak, is enough to estop him. Id. 452.

But Evans really misrepresented. He disclosed the fact that further advances were necessary, and in concealing the other burdens on the property he practically declared there was none other. It is not necessary that there should be an express statement. A misrepresentation may be implied from acts, silence, or other conduct. Id. 437, 438.

The record of Evans' mortgage was no notice to appellees. The law would not tolerate a rule that allowed a man to conceal his claim or deny it, reap all the advantages of a concealment or misrepresentation, and then claim a constructive notice by record evidence of his claim, the other party being in fact ignorant of its existence, and acting upon his words and conduct. Evans invited and encouraged appellees to buy the cotton, and he cannot now assert his mortgage against them. *Hill* v. *Ely*, 31 Pa. St. 333; *Wannell* v. *Kern*, 57 Mo. 479.

GEORGE, J., delivered the opinion of the court.

There is a serious conflict in the evidence. The chancellor believed the evidence of the appellees and dismissed the appellant's bill. We cannot say that the chancellor erred in giving credit to the witness for the appellees. The testimony of this witness established this state of facts: That appellant Evans came to Bourgess, one of the appellees, and told him that Abercrombie would ship his house two hundred bales of cotton, and that Abercrombie would want some bagging and ties and a small advance in money; that Evans said nothing about a lien for rent in favor of the landlord on Abercrombie's cotton, nor did he intimate that he himself had a mortgage on it. Bourgess made the advances that Abercrombie wanted, to the amount of $700, and received seventy-six bales

of cotton for shipment to his house. He then learned that he
could not ship the cotton till he paid $2,400 for the rent
of the land on which the cotton was raised. This was as
much as the value of the cotton at that time, but Bourgess
paid the rent, hoping for a rise in the price of cotton to secure
the advances he had made. The house held the cotton from
January till April, and there was an advance, and the cotton
sold for enough to pay the rent and the other advances, leav-
ing $147.29 surplus. Evans said nothing about his mortgage
till after the sale of the cotton, and then demanded all the
proceeds of the cotton except the $2,400 paid for rent. The
appellees paid him the $147.29, and refused to pay any more.
It is now urged that, as Evans' mortgage was recorded, appel-
lees were bound to take notice of it. This is true, ordinarily;
but we think, under the facts above set out, that Evans must
be held to have waived his rights under the mortgage so far
as Bourgess made advances on the cotton. Bourgess was, in
fact, ignorant of the mortgage, and the conduct of Evans was
such as to induce him to believe that he had no interest in the
cotton. He cannot now be heard to assert a claim which
would defeat rights which grew up under a supposition, pro-
duced by himself, that he had no interest in the cotton. A
purchaser is not bound to consult the records for a mortgage
when the mortgagee, by his acts or declarations, asserts he
has no claim.

Decree affirmed.