FRANCIS A. JEFFRIES ET AL. *v.* WILLIAM M. DOWDLE ET AL.

1. GUARDIAN AND WARD. *Sale of lands by guardian. Section* 2173, *Code* 1871, *construed. Statute of limitations. Case in judgment.*

  T. was a minor and at the same time a lunatic. J. applied for and obtained letters of guardianship over his person and estate, as of a minor. On October 5, 1869, shortly after T. attained his majority, but still remaining a lunatic J., by petition to the probate court, obtained an order to sell certain lands of the lunatic. The lands were in good faith sold, and H. became the purchaser and paid the purchase-money to the guardian and went into possession. H. then sold to M. On the 5th day of August, 1883, the heirs of T., the deceased lunatic, brought suit in ejectment against the heirs of M. *Held*, That J. was such guardian as was embraced in § 2173 of the Code of 1871, and that the action was barred by the one year statute of limitations prescribed therein. *Hall* v. *Wells*, 54 Miss. 289, approved.

2. SAME.  *Bona fides of sale by guardian.  Section 2173, Code 1871.  Burden of proof.*

    Where a party relies upon the one year statute of limitations prescribed in the statute referred to above, the burden of proof is upon him to show that the sale was made in good faith, to execute an order of sale made by the probate court and that the purchase-money was paid.

3. SAME.  *Sale of land by guardian.  Section 2173, Code 1871.  Effect upon subsequent purchaser.*

    The good faith of a purchaser from a purchaser at a guardian's sale made in pursuance of an order of the probate court has nothing to do with the operation of the one year statute of limitations prescribed by § 2173 of Code 1871.

4. STATUTE OF LIMITATIONS.  *Lunacy.  Presumption of its continuance.*

    Where a person is shown to have been a lunatic for a number of years and a right of action accrues to him while in such state, in the absence of evidence to the contrary it will be presumed he continued in a state of lunacy until his death, and the statute of limitations commences to run against his heirs only at his death.

APPEAL from the Circuit Court of Noxubee County.

HON. JAMES M. ARNOLD, Judge.

On the 16th day of December, 1867, Alexander Jeffries filed a petition in the Probate Court of Noxubee County setting forth that Walter Jones Tate was a minor and also *non compos mentis*, and asked to be appointed his guardian. Letters of guardianship were accordingly issued to him. The order granting the letters recited that letters were to issue to guardian over the person and estate of the minor, but was silent as to whether or not the ward was a lunatic. On the 5th day of October, 1869, Walter Jones Tate having shortly before this attained his majority but still remaining a lunatic and being in the lunatic asylum, the guardian filed a petition setting forth these facts and praying the court for an order to sell certain real estate belonging to the lunatic. The order was granted and some of the lands were sold, one Hill becoming the purchaser and in good faith paid the money to the guardian. Hill went into possession and subsequently sold the lands to Mullins. This suit was brought on August 15, 1883, by the heirs of Walter Jones Tate against the heirs of Mullins.

The defendants relied upon the one year statute of limitations as prescribed in § 2173 of the Code of 1871. That statute is in the following words: "No action shall be brought to recover any property heretofore sold by any administrator, executor, or guardian by virtue of the order of any probate court in this State on the ground of the invalidity of such sale, unless such action be commenced within one year after this chapter shall take effect, if such sale shall have been made in good faith and the purchase-money paid; nor shall any action be brought to recover land or other property hereafter sold by order of a chancery court when the sale is in good faith and the purchase-money paid, unless brought within one year after such sale." They also relied upon the statute of limitations of ten years. The evidence did not show when Walter Jones Tate died, but did show that he was a lunatic up to and including the year 1874. By the instructions for the defendants the jury were told that if they believed from the evidence that Mullins purchased from Hill in good faith and without notice of any defect in his title they should find for the defendants. The jury found for the defendants and from the judgment plaintiffs appealed to this court.

*Rives & Rives*, for the appellants.

1. Whatever may be the relative rights of the parties as to the main body of the land in question, there can be no doubt of plaintiffs' right to recover a portion of it. As to some of it there was no petition or order of sale. As to another there was a petition and order but no sale.

2. How can it be claimed that the sale by Jeffries to Hill comes within the provisions of § 3173, Code 1871? In construing statutes of limitations we are not "to depart from the plain meaning and literal expression." "A construction derived from a consideration of its reason and spirit should never be resorted to, but where the expressions are so ambiguous as to render such mode of interpretation unavoidable." Angell on Limitations, § 485, § 23. Section 3173 embraces only such sales as were made by "any administrator, executor, or guardian." No ambiguity about that. We are not driven to a consideration of its reason and spirit. Its plain

"meaning and literal expression" shows beyond all cavil that a sale to come within its provisions must have been made by an "administrator, executor, or guardian," not by one who *had once been* such, but by one who was such at the time of the sale. In *Hall* v. *Wells*, because "persons appointed guardians of minors not fatherless were called guardians, and treated as such by the courts and the public and acted as such in all respects," Judge Campbell held that they were embraced in the language "any guardian." This reasoning, of course, does not apply to one who was never "*appointed*" guardian or whose powers under his appointment had ceased and determined as shown by his own petition. *Hall* v. *Wells*, 54 Miss. 298. Much that was said in *Hall* v. *Wells* was but *obiter*. The judges all agreed there that the sale was by a lawful guardian, but Judge Chalmers said if there was "no administrator, executor, or guardian it is just as fatal as if there had been no order of court or no sale." In commenting on the statute he notes that it does not embrace sales made by persons "acting as guardians." We rely with confidence on the following decisions: *President and Selectmen of Natchez* v. *Minor*, 10 Miss. 264; *Ware* v. *Houghton*, 41 Miss. 384; *Jagers* v. *Griffin*, 43 Miss. 138–139; *Storm* v. *Smith*, 43 Miss. 503; *Martin* v. *Tower*, 43 Miss. 522; *Hagan* v. *Barksdale*, 44 Miss. 191; *Fant* v. *McGowan*, 57 Miss. 779; *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 679; *Hall* v. *Wells*, 54 Miss. 297. We think it clear the statute of limitations of one year does not apply to this case. The statute of limitations of ten years was not attempted to be set up or proven; it could not have been. Walter Jones Tate was *non compos mentis* until his death.

*R. G. Rives* and *S. S. Calhoon*, on the same side, also made oral arguments.

*Jarnagin & Boyle* and *L. Brame*, for the appellees.

1. Section 2173 of the Code of 1871 applies to this case, and the appellants are barred thereunder. *Morgan* v. *Hazlehurst*, 53 Miss. 665; *Hall* v. *Wells*, 54 Miss. 289; *Peterson* v. *Gibson*, MSS. ap.

2. Hill bought in entire good faith. It was not incumbent on him to examine the record. He testifies that he paid the full amount

| Conclusion of the briefs. | Commencement of the opinion. |
|---|---|

of the purchase-money and supposed that he was receiving a perfect title. Good faith in the statute means fair dealing—the antithesis of *mala fides* or collusion—*Morgan* v. *Hazlehurst, supra ; Cole* v. *Johnson,* 53 Miss. 94—and Mullins (now dead) purchased in good faith from her ; the title is doubly protected. *Summers* v. *Brady,* 56 Miss. 10. The instructions are in perfect harmony with these cases. Hill paid five thousand seven hundred and forty-two dollars, and Mullins paid him about eleven thousand dollars for this and other land. To sustain a recovery in this case would be to ruin the widow and children of Mullins and give the land, with rents and profits these many years, to the wife of the guardian, who received the money from Hill and the brother of the ward. The object and wise policy of the statute will prevent any such result.

3. The appellants are barred by the statute of limitations of ten years. The record does not show when Walter Jones Tate died. The *ex parte* affidavit referred to by counsel is not evidence ; it was filed long after our purchase. Appellees and those under whom they claim had been in possession about thirteen years when the suit was brought. The plaintiffs, claiming that a disability existed to protect them as against the operation of the statute resulting from the lapse of time, assumed the onus of showing the fact. *Edwards* v. *University,* 30 Am. Dec. 70.

*L. Brame* also argued the case orally.

CAMPBELL, C. J., delivered the opinion of the court.

Upon the facts presented by this record it seems to us that § 2173 of the Code of 1871 barred the action as to all the land sued for which was sold by virtue of the order of the probate court. Jeffries was such guardian as was embraced by the statute cited. *Hall* v. *Wells,* 54 Miss. 289. And the sale appears to have been made in good faith and the purchase-money was paid. It devolves on him who invokes the bar of that statute to show the conditions which make it applicable, *viz. :* That the sale was made in good faith, to execute an order of sale made by the probate court, and that the purchase-money was paid. If there was an order of sale by the probate court, and the sale was made in the honest purpose to exe-

Commencement of the syllabus.

cute the order, and the purchaser bought in the honest effort to obtain title and paid the purchase-money, the fact that the guardian may have desired the sale to be made that he might get and use the money did not affect the good faith of the sale if there was no collusion between him and the purchaser, and it is not intimated that there was in this case.

The good faith of Mullins, who bought from Hill, had nothing to do with the operation of the " one-year statute " cited, and the instructions to that effect were inaccurate.    The principle that *bona-fides* in seller or buyer will protect belongs to a different class of cases and has no application to the statute cited.    The verdict and judgment were for the defendants below as to all the land.    As to some small subdivisions, this appears to be erroneous, because they were either not ordered to be sold by the guardian or were not sold by him.

The ten-years statute did not bar the plaintiffs on the facts disclosed.

*Judgment reversed and cause remanded for a new trial.*