JOHN H. MOORES *v.* JACOB M. FLURRY.

1. TAX TITLE. *Code* 1892, § 498.

　　Code 1892, § 498, providing for the confirmation of tax titles to land and authorizing unknown claimants of the land to be made defendants by publication, has no application to a .suit for the recovery of money paid at a confessedly void tax sale, and jurisdiction of such a suit cannot be predicated of the section.

2. STATUTE OF LIMITATIONS. *Code* 1892, § 2760. *Chancery sales. Jurisdiction.*

　　Code 1892, § 2760, providing that an action shall not be brought to recover property sold by order of the chancery court where the sale was in good faith and the money paid, unless brought within two years after possession taken by the purchaser under said sale, has no application where the chancery court was without jurisdiction to make the order of sale.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Moores, the appellant, was the complainant in the court below; Flurry, the appellee, was the defendant there. The complainant sought to remove a cloud from his title to land. The defendant demurred to the bill of complaint, and the court below rendered a decree sustaining the demurrer and dismissing the suit. From this decree the complainant appealed to the supreme court.

The bill charged that the property in controversy was sold on the first Monday in March, 1893, for the taxes of 1892, and purchased by one Smith; that at the time of the sale no taxes were due for the year 1892, same having been paid. The bill also alleged that in the year 1902 a petition was filed in the chancery court by Smith against the unknown owners of the land, in which he admitted that no taxes were due for the year 1892, and that hence the sale was illegal, but sought to fix a lien on the property for the purchase money and damages; that the chancery court ordered the property to be sold and the proceeds

applied to the settlement of Smith's claim; that the property was sold and purchased by Mead Brothers (May 5, 1902), who afterwards conveyed to Flurry; that the sale under said order of the chancery court was never confirmed. The complainant prayed that the sale to Mead Brothers be vacated, and the commissioner's deed be canceled, and that Flurry's deed also be canceled, and the cloud to his title removed. A demurrer was filed to the bill, setting up the fact that the sale was made two years before the filing of the bill of complaint (July 23, 1904), and hence complainant estopped, by Code 1892, § 2760, from bringing an action.

*T. S. Howell,* for appellant.

Appellee's grantor, J. P. Smith, in his bill of complaint in cause No. 989, against "unknown owners," in the chancery court of Jackson county, in which the decree was rendered, establishing a lien against the lands, averred that "the said sale of said lands, made on the 6th day of March, 1893, was illegal and conveyed no title to this complainant, for the reasons that the assessment rolls for the year 1889, under which the tax sale was made to your complainant for delinquent taxes for 1892, were not fully completed and filed by the tax assessor for said county and state on or before the first Monday in July of said year 1889, as required by law; that said assessment rolls were approved by the board of supervisors of said county without giving the taxpayers of said county the opportunity of examining said rolls and objecting thereto, as the law provides; and for the further reason that the law under which said assessment was made in the year 1889 was contrary to the constitution of the state of Mississippi." And yet, in the face of this averment, he procured a decree to be entered establishing a lien in his favor against said lands, for the purchase money thereof, instead of taking advantage of Code 1892, § 3830, and procuring the amount so paid, with interest, to be refunded to him.

No taxes were due on these lands, and they were not liable to be sold for taxes.  *Adams* v. *Luce, ante,* 220 (39 South. Rep., 418).  Besides, appellant's grantor had paid all taxes due on said lands for the year 1892, as shown by the tax collector's receipt. Therefore, any lien established under sec. 3830 would be void, and the decree an absolute nullity.

It will be observed that the decree of the chancery court of Jackson county, in the case of *Smith* v. *Unknown Owners,* was rendered on notice by publication only, based upon an affidavit averring that "complainant does not know who are the owners of the lands herein described, and is unable, by a diligent search of the records of said county and careful and diligent inquiry, to ascertain the owners of said lands—or any persons who have any right, title, or interest therein—or their residence or post-office address."  And yet it is admitted by appellee that the records, assessment rolls, and tax-receipt books in the office of the chancery clerk and tax collector of said county revealed the fact, to even the most casual observer, that said lands belonged to, were assessed to, and were the property of appellant's said vendor, and revealed, also, his residence and post-office address.

It is also admitted that neither appellant nor appellant's vendor was notified of, or informed, or had knowledge of, the sale of said lands for taxes, nor of the pendency of said suit of said *Smith* v. *Unknown Owners,* nor of the rendition of said decree therein, nor of the sale of said lands under said decree— February 26, 1902—notwithstanding both appellant and appellant's said vendor were citizens of the state of Mississippi, and not nonresidents thereof.

The chancery court of Jackson county was without jurisdiction to render its decree based on a bill, the allegations of which showed conclusively that the complainant therein was not entitled to have a lien established, under Code 1892, § 3830; and, therefore, said decree is absolutely void.  *Foster* v. *Canning Co.,* 71 Miss., 624 (s.c., 15 South. Rep., 931).

*Denny & Denny,* for appellee.

Appellee was an innocent purchaser of said lands for value and without notice of any latent defect, if any, existing in said suit of *Smith* v. *Unknown Owners.* Appellee and his grantors have paid all lawful taxes accruing thereon subsequent to May 5, 1902. The aforesaid decree, dated February 26, 1902, was conclusive as to the aforesaid Mead Brothers and appellee, that the taxes on said lands for 1894 were not paid as alleged in said suit to· establish a lien thereon for such taxes. Appellant is barred, by the two-years' statute of limitations, from a review of the suit of *Smith* v. *Unknown Owners.* Code 1892, § 2760. Appellant is also barred, by the two-years' statute of limitations, after possession of said lands by the purchaser thereof at said sale. Code 1892, § 2760. And appellant, by his said bill, shows no excuse whatever for the gross negligence and laches of his grantor and of himself. Appellant is also barred, by the ·two-years' statute of limitations, as to bill of review and time within which to bring suit to set aside sale of land by order of the chancery court. Code 1892, § § 2751, 2760. And demurrer thereto was proper. *Dickson* v. *Miller,* 11 Smed. & M., 594; *Mathews* v. *Sondheimer,* 10 Ga., 174; *Nevitt* v. *Bacon,* 3 Ga., 212.

The decree (No. 989) in *Smith* v. *Unknown Owners,* rendered on February 26, 1902, declaring a lien on said lands and ordering therein a sale thereof, was a final decree. *Stebbins* v. *Niles,* 13 Smed. & M., 307. And review thereof, on and after July 23, 1904, is barred by Code 1892, § 2751.

Code 1871, § 2173 (Code 1892, § 2760)—which provides that no action shall be brought to recover land sold by order of a chancery court, where the sale is in good faith and the purchase money paid, unless brought within one year after such sale— bars a recovery by heirs whose ancestor's lands have been sold by the administrator of his estate, under an order of the chancery court, if they fail to bring their action for the recovery of the

lands within one year after such sale, notwithstanding any defects in the proceedings of sale, even the want of notice on their part, if it appears that the sale was in good faith and the purchase money paid.    *Smith* v. *Brady,* 56 Miss., 10.

In order to bring a case within Code 1892, § 2760, there must first be good faith, and then the purchase money must be paid—every dollar of it, unless, perhaps, some trivial sum omitted by mistake or miscalculation.    *Sharpley* v. *Plant,* 79 Miss., 175 (s.c., 28 South. Rep., 799).

CALHOON, J., delivered the opinion of the court.

The demurrer to appellant's bill to cancel and remove a cloud should have been overruled.    This bill shows that Flurry claims under the purchaser at a sale made under a decree of the chancery court, which decree was the result of proceedings by one Smith on a bill, not to confirm the tax title, but to fix a lien on the land he bought at tax sale for the money paid and taxes subsequently paid by him.    Yet it is affirmatively shown by these proceedings, by Smith himself, in his bill in that case, that the sale at which he bought was utterly and absolutely void, for divers good reasons, which he gives.    Code 1892, § 498, and the process and publication to "unknown owners" it provides for, is confined to proceedings to confirm tax titles, and embraces no other sort.    It has no reference whatever to a proceeding simply to fix a lien on land bought at a tax sale confessedly void.    There was, therefore, no jurisdiction whatever of the controversy, and there can be no avail of the two-year limitation in Code 1892, § 2760, in favor of purchasers at sales under chancery decrees. The action of Smith was not in the mode the law marks out to recover money paid at a void tax sale.    The present bill shows that the taxes had been properly assessed to and paid by the owner before the sale to Smith.    Personally, I think this immaterial, but state it as an averment of the bill.

*Reversed, and demurrer to bill overruled, and remanded, with thirty days after mandate filed below given appellee to answer the bill.*