## SARAH A. WELLS, ET AL. v. GAY ELLABEE, ET AL.

### [46 South. 497.]

REFORMATION OF INSTRUMENTS. *Commissioner's deed. Court proceedings. Caveat emptor. Chancery practice. Parties.*
A bill in equity by the purchaser and grantee to reform a commissioner's deed and the chancery court proceedings under which the sale was made should be dismissed:—
(a) For want of proper parties, unless all the parties to the original suit be made parties to it; and
(b) For want of equity, since the doctrine of *caveat emptor* applies to a purchaser at such a sale.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Ellabee and another, appellees, were complainants in the court below; Mrs. Wells and others were defendants there. From a decree in complainant's favor defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*W. R. Harper,* for appellants.

Chancery courts have power to correct errors in contracts in order to carry out the intention of the parties, but no such power exists as to a judicial sale or a commissioner's deed.　This seems so clear that it hardly needs citation of authority, but a case identical with this one is *Angle v. Speer,* 66 Ind. 488.

Three of the parties to the original suit are not parties to this one, the bill having been dismissed as to them by voluntary action of the complainants.　This itself is fatal to their suit.

*Elmer & Doty,* for appellees.

Counsel confessed error, but asked that the cause be remanded to the court below with leave to the complainants to amend their bill of complaint.

Calhoon, J., deliverd the opinion of the court.

There had been a bill for partition between the appellants and other parties, which had resulted in a decree for sale for partition. This sale for partition had been made, and all the property so sold had been bought at the public sale of the commissioner of the court by the appellees. This sale and purchase had been made on January 2, 1905, and on April 4, 1905, that commissioner's sale was duly confirmed by the chancery court, which rendered the decree for sale for partition.　On January 23, 1907, Ellabee and another, the appellees, filed their bill, setting forth the foregoing facts, and prayed a reformation of the deed given them by the special commissioner, which deed conformed in all respects to the bill and decree of confirmation; and in this bill they prayed to have stricken from the commissioner's deed certain parts of the property as conveyed by him, and to make it read differently and include other property than his deed covered, and differently from the final decree, and differently from the description in the bill for partition.　In the progress of the proceedings for this reformation, Ellabee and another, the complainants, had on their own motion a dismissal of their bill as to

three of the parties defendant to it, all of whom were also parties to the original bill for partition. This, of course, is fatal. A partition decree is not susceptible of correction without jurisdiction of all the parties to it, even if this bill for reformation could be entertained by the chancery court. But it cannot be so entertained. A purchaser at a sheriff's sale, or a commissioner's sale, is a purchaser in *invitum,* and the doctrine of *caveat emptor* applies in its full force.

The decree below is *reversed,* and the bill *dismissed.*