## GREER v. PICKETT.

[90 South. 449.  No. 22321.]

ADVERSE POSSESSION. *Defense of adverse possession held sufficient, although occupation was under erroneous survey.*

Where a suit in equity was filed to cancel defendant's claim to land in suit, and there is a dispute as to certain land as to whether it lay within the calls of complainant's deeds, or whether it lay within the call of defendant's deeds, aand where there are several surveys, some of which locate it within the calls of complainant's deeds and some locate it within the defendant's deeds, and where the land had been fenced by the defendant's grantor and such line had been recognized by all parties concerned for thirty or forty years before the suit, and had been occupied and claimed by defendant's grantors for the statutory period, the defense of adverse possession is available to the defendant, although defendant testified that he did not own lands outside the call of defendant's deed, and although the true survey made showed the lands actually lay within the calls of complainant's deed. In such case it is error to cancel defendant's claim to such land. *Metcalfe* v. *McCutchen,* 60 Miss., 145; *Jones* v. *Gaddis,* 67 Miss., 761, 7 So. 489, cited.

APPEAL from chancery court of Claiborne county.
HON. R. W. CUTRER, Chancellor.

Bill by J. W. Pickett against J. N. Greer. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

*J. T. Drake,* for appellant.

The suit is a proceeding to quiet title, under sections 550 and 551 of the Code of 1906. Under the law, as repeatedly laid down by this court, it is, in such a proceeding, incumbent upon the complainant to show title to the land in controversy in himself either by adverse possession for statutory period on by title from the Government to himself, in an unbroken chain. This is elementary law and we do not think it necessary to cite authorities. We, however,

refer to the leading case, which is. *Long* v. *Stanley,* 79 Miss. 298.

First. The complainant has failed to show paper title in himself. Two of the deeds in his chain of title, the one from Charles R. Byrnes and wife to J. N. and H. F. Anderson, shown on page 21, *et sequitu* of the record, and the one shown on page 24 of the record from John N. Anderson to Henry F. Anderson state the description as set out hereinbefore. *Robinson* v. *Noel,* 49 Miss. 253.

An effort was made to overcome this overwhelming and uncontradicted mass of evidence of possession by showing that Drury Anderson paid taxes on section 7, township 12, range 5 East, containing thirty-nine acres. It will thus be seen that the complainant has a paper title only to the line of the estate of T. H. McCaleb, which is the land now owned by the defendant; that this line has been well established and recognized by the owners upon both sides within the memory of the oldest witness, who is sixty-four years old. It is established by the evidence of P. S. Byrnes and A. McC. Byrnes, sons of the original owner of the Pickett lands; by Pat H. Anderson, a son of a late owner of those lands; by F. A. Peyton, at one time a tenant upon those lands; by W. J. Greer, who had been present at four surveys of these lines, one of them nearly fifty years ago and others at intervals since; by the testimony of the defendant who was present at a survey of these lines thirty years ago; by the physical facts themselves, which show an old marked line, an old fence row; and upon the part of complainant there is no evidence either contradicting or tending to contradict the evidence of these many witnesses, practically all of whom are distinterested, and we respectfully submit that the case should be reversed and a decree entered by this court dismissing the complainant's bill.

*J. McC. Martin,* for appellee.

Appellant claims that he has a continuous chain of title ranging through a number of deeds to section 7, Township

12, Range 5 east, containing sixty acres; and that his sixty acres extends out and includes the land noted by working, as being in section 8. In order to maintain such claim he tries to show that a fence existed east and north, of the north and east lines established by working, as the north and east boundary to section 7. Yet as shown in his testimony, he claims, he says, nothing outside of section 7 and as shown in the testimony of Drew Anderson hereinbefore quoted, who was his grantor, that his grantor did not claim an inch outside of section 7 as will be seen in the testimony of Drew Anderson, pages 182 and 187 of the record; he conveyed to appellant section 7, Township 12, Range 5 east. That is to appellant's father in the year 1915, at a time when there was no fence whatever such as is claimed by appellant.

It will be seen from the evidence that section 13 in Township 12, and section 7 in Township 12, Range 5 east are thrown into one grant or survey or description, giving the field notes just as they appear on the photogravure map offered by appellee in evidence. The contents of these two sections in different ranges aggregate, as shown three hundred and eighteen acres. On the photogravure map section 13, Township 12, Range 4 east, shows an aggregate acreage of two hundred eighty-two and thirteen one-hundredths, now, on the same photogravure map, section 7, Township 12, Range 5 east, shows thirty-nine and seven hundredths acres. These two acreages added together show three hundred twenty-one and fifty-two one-hundredths acres. Now, the certificate quoted above of Samuel McCaleb, shows a total acreage in the two sections of three hundred and eighteen. In view of the evidence offered by appellant, how then is is possible for section 7, Township 12, Range 5 east, to contain sixty acres? It appears then from appellant's own evidence that the very section he is claiming is just what it is put at in the photogravure map, and cannot possibly be sixty acres. Both he and his grantor say that all the title claimed by them is section 7 and not an inch outside of it. If then, both claim only section 7 and what it contains, and

not anything outside of section 7, by what sort of right or claim, under the statute of limitations or otherwise, can appellant set up a claim to one hundred acres, taking in outside of section 7, over sixty acres inside of section 8?

ETHRIDGE, J., delivered the opinion of the court.

The appellee was conplainant below, and appellant was defendant. The complainant filed his bill in the chancery court to quiet his title to certain lands described in the bill as the Southwest half of section 8, Township 12, Range 5 east, containing one hundred fifty acres, more or less; said Southwest quarter being a fractional quarter; also the Northwest quarter of section 8, Township 12, Range 5 east, which lies south of the Port Gibson public road, containing eighty acres, more or less; also the south end of the West half of the Northeast quarter, section 8, Township 12, Range, 5, being that part south of the Byrnes road, containing twenty acres more or less; and set forth his deraignment of title by conveyances from the government through his chain of title to himself. The description of the land in controversy in this suit as shown in the deeds is as follows: Beginning at the Northwest corner of the Southwest quarter of section 8; thence east to the Southeast corner of the West half of Northeast quarter of section 8; thence south to a drain or bayou; thence down the drain to the Greer branch; thence down the Greer branch to Bayou Pierre; thence down Bayou Pierre to the Hermitage Plantation of T. H. McCaleb, deceased, containing one hundred fifty acres, more or less, in section 8, Township 12, Range 4 east, Claiborne county, Miss. The bill alleged that the defendant has interfered with complainant's possession by claims and assertions of title which are so made as to harass, annoy, and disturb complainant in the quiet, peaceable, and free enjoyment of his property, and so as to cast a cloud, doubt, and suspicion upon his title; that defendant claims and sets up that all of the Southwest quarter, section 8, Township 12, Range 5 east, and all of

a strip off the south end of the Northwest quarter, section 8, Township 12, Range 5 east, lying south of the public road and paralleled with the southern boundary of the Northwest quarter, containing twenty acres, more or less, belongs to the defendant through a conveyance from D. P. Anderson to William Greer of date January 20, 1915, as shown by deed duly recorded, etc., although the said deed conveys to him only section 7, Township 12, Range 5 east, containing thirty-nine and seven one-hundredths acres, and no part whatever of said section 8; and that defendat also interferes with complainant by writing notices to him, directing him not to enter said lands, and threatening complainant with prosecution if he does so, and that he had brought prosecution against complainant for trespassing upon said lands. It is further alleged in the bill that it was agreed between complainant and defendant that the lines between them should be run by the county surveyor, and that the lines so fixed by him should be conclusive; and that in accordance with said agreement the county surveyor ran such lines and fixed the boundary between the complainant and defendant, but that defendant refused to abide by such survey, and still persists in claiming said lands; and prayed for a cancellation of the claim of defendant to such lands and for a decree to restrain defendant from harassing, annoying, and intermeddling with complainant's enjoyment and possession of the land.

Defendant's answer admits that complainant was in possession of certain lands in section 8, Township 12, Range 5, east, and that he had a deed thereto, but says that the description of said land in the bill and in the deraignment of title shown in the bill did not correctly describe said lands, but that the description in the bill and in the deraignment of title is a general description, meant to be in support of a particular description, which is as follows: Begin at Northwest corner of Southwest quarter, section 8; thence east to the Southeast corner of the West half of Northeast quarter of section 8; thence south to drain or bayou; thence down the drain to Greer branch; thence

down Greer branch to Bayou Pierre; thence down Bayou Pierre to the Hermitage Plantation of T. H. McCaleb, deceased; and avers that this description is the only description given in the deed from John and Jane Anderson to Henry Anderson, and in other deeds mentioned in the deraignment of title; that the deeds referred to show that the descriptions therein are not fully set out in the bill of complainant. He denies that complainant went into possession of the lands in dispute upon execution of the deed to him, or that he has ever been in the actual possession thereof, but that his alleged possession was scattered acts of trespass, but admits that complainant entered into possession of lands called for by his said deed; and defendant denies that he had interfered with the quiet enjoyment of said possession thereof, and alleges that complainant began to trespass upon lands belonging to respondent and to make claim of title to the lands now in dispute, claiming that it was within the calls of complainant's deed, when in fact and in truth it was not. Respondent admits that he claims the lands in dispute, and that he claims the same to be in section 7, Township 12, Range 5 east, which section contains seventy acres, and also admits that he directed complainant not to enter upon said land in dispute, and that he had started a fence on the line which he had just had relocated by a former county surveyor, but stopped building when advised by complainant that he disputed the line. Respondent denies that he claims or ever claimed any land in section 8, Township 12, Range 5 east, but alleges that Shields, a competent surveyor of many years' experience, established the line between complainant and defendant in accordance with the contention of defendant, and in said survey ran the lines and located the boundaries of section 7, which is what the respondent claims. Respondent denies that criminal prosecution was instituted against complainant, but alleges that civil proceedings and trespass were instituted against complainant in the justice court. Respondent admits that the county surveyor ran the line, but denies that there was any agreement that such

line fixed by the county surveyor should be conclusive. Respondent admits that he refused to be governed by such line run by the county surveyor because the same was patently wrong, were run without sufficient data and in a bungling and inaccurate manner; that the county surveyor was almost entirely without experience, had no technical education, and no knowledge whatever of surveying, that he did not know how to set up a compass or to start a survey, and that the line attempted to be run was one of the first of his attempts. The answer then avers:

"Respondent further shows unto the court that he claims the land in controversy both by paper title and also by adverse possession in himself and his grantors, Drury Anderson and W. J. Greer; that the line as claimed by him has been for a period of forty or more years the recognized line of the Hermitage Plantation; that it is marked for a part of the way upon the eastern line with old marked trees; that it has been accepted as the true line between the tract formerly owned by Byrnes and the tract formerly owned by McCaleb, said Byrnes owning section 8, or a part thereof, and said McCaleb owning, among other lands, section 7; that the respective owners upon each side of the line as claimed by this respondent recognized such line at the true line, and that each claimed up to said line, and exercised rights of ownership over the same, and were, and remained, in actual, notorious, continuous and adverse possession thereof for the period aforesaid and that each recognized the ownership of the other upon his side of said line as aforesaid; that the claim made by said Pickett is for the first time made by any owner of the Byrnes tract, and that it is wholly without any support in right of justice."

There appear to have been two surveys made by the government and two maps filed in the county concerning this land. According to one of the maps section 7 contained thirty-nine and a fraction acres; according to the other map this section contained sixty acres. Several surveyors had run the lines between McCaleb land and the land of complainant, some of which support the claims of defend-

ant and some of which support the claims of the complainant. The complainant introduced his deeds, surveys, and the testimony of certain surveyors, and also tax receipts showing the assessment and payment of taxes for certain years by the defendant and his predecessors, showing thirty-nine and a fraction acres. The defendant introduced his chain of title in evidence, among which was a title from the state of Mississippi showing sixty acres in section 7; the defendant also introduced tax receipts showing the payment of taxes for certain years on sixty acres. One of the predecessors in title of defendant testified that he paid taxes on sixty acres after his purchase from the state until the tax collector refused to receipt him for sixty acres; defendant also introduced a number of witnesses, who testified that there was an old fence row along the line claimed by defendant, and that such line was recognized as the line between the two tracks of land by the former owners for many years, and no one had ever disputed the line until complainant set up that it was not the correct line. It also appears that defendant had some years before the institution of the suit placed a wire fence along the old fence row, and that the surveyor introduced by him ran this line and found marks showing it to be a well-established line. There is some conflict as to whether the corner from which the lines favorable to the defendant were started are established corners. It appears, however, that there are now no government boundaries or corner trees that can be located at such point. The surveyor who last surveyed for complainant, and who seems to be a competent surveyor, located a marked tree at a quarter section corner in section 8 and from such tree located a starting point called for by the field notes, and from such point proceeded to make the survey and run the lines between complainant and defendant, and such survey established the line in controversy favorably to the complainant; and the chancellor found that such line was the true line between section 7 and section 8 and between the complainant and defendant as to the boundaries in dis-

pute, and decreed in accordance with the prayer of the complainant's bill, from which decree the defendant appeals.

The appellant contends that there is no dispute that the former owners of the lands now owned respectively by complainant and defendant had treated the boundary lines as contended for by the defendant as being the true boundary between them, and that such boundary had been recognized by all parties interested for thirty or forty years, and had not been disputed until recently, and that such evidence was not disputed by anything in the record, and that under such evidence he was entitled to a decree. The appellee has not dealt with this feature of the case until he filed a reply brief to the appellant's reply brief, and now contends that this contention cannot be maintained for the reason that complainant and his grantors who testified in the case stated that they claimed nothing in section 8, and that their claims were based upon lands in section 7, and that they did not own any lands in section 8. The contention of the appellant is, and he so claims in his answer, that the true line is the one established by the surveys favorable to him, and that he has both the paper title to the lands in controversy and also title by adverse possession. The witnesses introduced by him upon this point support his contention in this particular, and there was no evidence that said land had not been fenced for many years before this controversy arose, nor that any dispute had existed as to the true boundary as contended for by defendant. The chancellor evidently based his finding for complainant upon the statement of the defendant and his grantors that he did not own any lands in section 8, together with the fact that defendant's deed called for section 7. We think the contention of the appellant is supported by the doctrine of *Metcalfe* v. *McCutchen,* 60 Miss. 145, and *Jones* v. *Gaddis,* 67 Miss. 761, 7 So. 489, which cases hold that, notwithstanding the party claims lands as being within the calls of his deed and was relying upon his deed as the foundation of his claim, yet, it he occupied

lands in another subdivision for the statutory period under the claim that it was his own and was embraced within the calls of his deed, he would be entitled to recover on the ground of adverse possession; that it is the fact of adverse possession under claim of right for the statutory period that establishes title. Under this view of the record and the law we think the court below was in error, and the judgment will be reversed, and the bill dismissed.

*Reversed and dismissed.*