## Evans *et al. v.* Harrison.

[93 South. 737, No. 22805.]

Adverse Possession. *Occupant of land under erroneous belief that it lies within the calls of his deed acquires title by adverse possession for statutory period.*

Where a person enters into the possession of land under the belief that it lies within the calls of his deed, and occupies it adversely against the world for the statutory period under such belief, he will acquire title thereto, although the land lies within a different description in a deed of another party, and such other party pays taxes thereon during the entire period of adverse possession. It is the actual adverse occupancy under claim of ownership during the statutory period, and not color of title, that gives title by adverse possession.

Appeal from chancery court of Tallahatchie county. Hon. G. E. Williams, Chancellor.

Bill by W. H. Harrison against J. F. Evans and others. Judgment for complainant, and defendants appeal. Reversed and dismissed.

*Ward & Ward,* for appellants.

Under the statute law of this state as set out in section 3094 of the Mississippi Code of 1906, and section 2735 of the Annotated Code of 1892, ten years actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title, saving to persons under the disability of minority or unsoundness of mind the right to sue within ten years after removal of such disability.

The uncontradicted evidence in this case shows that the father of the appellants herein, J. T. Evans, deceased, went into possession of the strip of land in controversy in the year 1901; that he cleared up and put same in cultivation, fenced and cultivated it and was in the actual adverse possession of the same, claiming to be the owner of the land and continued in uninterrupted possession of same for a period of more than ten years.

If J. T. Evans, the father of appellants, purchased lands adjoining the lands in controversy, and through mistake as to the line between his own lands and the land in controversy, cleared the land in controversy, fenced it and put it in cultivation, and remained in undisturbed possession of same, continuously, claiming title to same, for a period of eighteen or nineteen years, then the defense of adverse possession as provided by section 3094, Mississippi Code of 1906, and section 2734, Annotated Code of 1892, is available to the heirs of J. T. Evans, the appellants here, as the heirs at law of J. T. Evans, deceased, and they are by such adverse possession vested with an indefeasible title to the land in controversy.

See the principles announced by our supreme court in the cases of *Metcalf* v. *McCutchen,* 60 Miss. 145; *Jones* v. *Gaddis,* 67 Miss. 761; *Greer* v. *Pickett,* 90 So. 449; *Schuler* v. *McGee,* 90 So. 713.

We respectfully submit that the court below was in error in confirming the title to the land in controversy in the complainant and cancelling the claim of the defendant and that the case should be reversed and judgment entered for appellants.

*Flowers & Brown* and *C. L. Hester,* for appellee.

We recognize the principle announced by this court in the case of *Metcalf* v. *McCutchen,* 60 Miss. 145, and followed in later cases, "That adverse possession for ten years of a part of an adjoining tract, though claimed under the

mistaken belief that it was within the calls of his own deed, gives title; and that it is the fact of adverse possession under claim of right for the statutory period that establishes title."

But the finding in the present case was one of fact that the defendants and their predecessor in title had not been in such adverse possession of the land in controversy for ten years as to vest them with title thereto. And if there is anything on which to base this finding, it will not be reversed, since it is equivalent to a finding of fact by a jury. The burden is on him who asserts that his possession has been adverse, to establish the fact. *Davis* v. *Bowmar,* 55 Miss. 671.

When knowledge, on the part of the owner, of the adverse holding is sought to be established by the presumption arising from the nature and character of the possession, the quantity or proportion of the land actually occupied becomes material. If the whole tract is occupied by a party asserting an adverse claim, the presumption is violent that the owner has knowledge of the adverse character of the claim, but when, on a boundary line between the owner and the adverse claimant, the possession of the latter has been but of a small quantity—a narrow strip along the boundary line, which may as well be attributed to accident and mistake as to design—a knowledge on the part of the owner of the adverse claim will not be presumed. *Alexander* v. *Polk,* 39 Miss. 737.

In order for an adverse holding for the statutory period to ripen into title, the land must be held under color of title and a claim of right or under a claim of right. The defendants in this case were without color of title. Let us see if the land in controversy was held under a claim of right. This means "nothing more than the intention of the disseisor to appropriate and use the land as his own to the exclusion of all others, irrespective of any semblance or shadow of actual right or title." 1 R. C. L., Adverse Possession, section 19. The original defendant, J. T.

Evans, was a mere trespasser. His sworn answer shows that he thought the land in controversy was in the Northeast quarter of section 4, and for this reason he claimed under his deed from Dr. A. H. Smith. His holding of the land in controversy was due to accident and mistake and not to design. He held the land under a mistake of fact. There was no intention to hold the land in controversy adversely and to acquire title thereto by possession. Without this intention, claim of right, possession for the statutory period will not ripen into title. 1 R. C. L., Adverse Possession, section 50.

The rule stated in Ruling Case Law to the effect that land inadvertently held must be held with the intention to acquire title thereto, is not in conflict with the principle announced in *Metcalf* v. *McCutchen, supra,* and in later cases, for in those cases the boundary line was agreed on and established and acquiesced in, although the boundary line was wrongfully established, the intention to claim to the boundary line so established was present, and the land was held under a claim of right. What constitutes adverse possession is rather a question of fact than of law. *Grafton* v. *Grafton,* 8 S. & M. 77; *Magee* v. *Magee,* 37 Miss. 138.

The chancellor's finding of fact that the defendants, and their predecessor in title had not been in such adverse possession of the land in controversy as to vest them with title thereto is justified from the evidence and the decree granting the complainant, appellee, the relief prayed for, should be affirmed.

*J. O. Day* and *W. H. Harrison,* for appellee.

We submit that the facts are not sufficient to entitle defendants to the ownership and possession of the land in controversy, the complete title to which is admitted to be in the complainant (appellee here). We are confident that the statute pronouncing the law of adverse possession and

vesting rights and titles under the terms therein announced was never intended to cover a case predicated on these facts.

The law of adverse possession contemplates a claim of title as against the whole world, and the avowed, open, notorious, continued, peaceable possession for the period of ten years or more, uninterruptedly. Section 3094, Code 1906. In the instant case, defendants never claimed title to the land in question. They admit, on page 20, that they had no title, and further agreed that the title is in W. H. Harrison the appellee here. They admit that the land was never assessed to them, and they admit that the taxes on said lands were never paid by them.

We reiterate, on the whole, that the chancellor's decree is the true and correct expression and application of the law, on the facts presented in this case, and that the appellants (defendants below) are entitled to no relief in the premises.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, complainant below, filed a bill in the chancery court to confirm title to the North half of the Northeast quarter, section 4, township 24, range 2 west, alleging that he is the owner in fee simple and deraigning his title thereto, and that lately towit, three years ago, the defendant entered upon and took possession of the complainant's said land, being that portion which is described as beginning at the northwest corner of the north half of the northeast quarter, section 4, running thence east seventeen chains, thence southwest to the southwest corner of the said north half of the northeast quarter, thence north along the west line of the north half of the northeast quarter twenty chains, to the point of beginning, containing seventeen acres, more or less. He further alleged that the defendant had no title whatever to said lands, but pretends to have a right or title thereto which casts a doubt and suspicion upon complainant's title. He prayed for a cancellation of the defendant's title and for an an-

nual rental of three hundred and forty dollars per annum for three years next before the filing of the bill.

The original defendant, J. T. Evans, filed an answer, in which answer he denied that he was in possession of any lands that belonged to the complainant, and alleges the truth to be that that part of the strip of land described in complainant's bill, and claimed to be a part of the north half of the northeast quarter, is not in said description at all, but is part of the northeast quarter of the northwest quarter of said section, and denied the allegations that he had lately entered into the possession of the land described in the bill, and denied that he has not right or title to the said land, and averred the truth to be that on March 23, 1901, he purchased the land described as the east half of the northwest quarter of the northwest quarter of section 4 from Dr. H. A. Smith, and went into possession of that and all of the land described in the complainant's bill within a few days thereafter, and cleared and put the same into cultivation during the year 1901, and that he has been in the open, notorious, continued, and peaceful possession of the same since then, claiming title to the same against the world; was then and is now the actual occupant and possessor thereof, and has acquired a perfect title to said land by adverse possession for more than ten years under the statute; and denied that the complainant was entitled to any relief. After this answer was filed, and before any further steps were taken, J. T. Evans, the original defendant died, and the suit was revived against his heirs at law. These heirs thereafter filed an amended answer, setting up adverse possession of the land in controversy for more than twenty years under claim of right, and that the same had been in the exclusive possession of the said J. T. Evans from 1901 until his death, and since his death in the heirs of the said J. T. Evans.

On the trial it was agreed between the parties in open court that W. H. Harrison, the complainant, was vested with the record title to the lands in controversy, and that

the defendants have no sort of paper title; that the land in controversy has been assessed to the Delta & Pine Land Company and those who claim by and through them since 1902, and that the taxes thereon have been paid by the Delta & Pine Land Company and those who claim through them since said date; and that the defendants had never paid any taxes on the said land, and the said lands have never been assessed to the defendants. It was further agreed that, if the court found the complainant entitled to recover taxes paid by him in this suit, the chancery clerk shall act as master to ascertain the amount, and his finding will be the basis for any recovery which may be due in this behalf. The proof showed that the land had been sold for taxes several times, and had been redeemed by the holders of the record title. The proof showed that J. T. Evans in 1901 entered upon the land in controversy, believing it to be within the calls of his deed, and cleared and fenced the same, and that it had been inclosed in his fields and cultivated from that time on to the time of the filing of the suit; that there had been a former survey, and that Evans cleared the land up to the line as made in the former survey, but a correct survey of the land disclosed that the seventeen acres in controversy were not within the calls of the Evans deed, but were within the calls of the complainant's deed.

The chancellor held that the possession of Evans was not such possession as would give him title by adverse possession, evidently in view of the testimony, proceeding upon the idea that, inasmuch as Evans did not claim to own land in the government description embracing the complainant's title, he did not make such claim as would support title by adverse possession. We think, however, the chancellor was in error in so holding, and that the decisions of this court fully sustain the doctrine that it does not make any difference whether the land lay within or without the call of the title deeds of the person in possession, where he in good faith, though mistakenly, thinks

the land lies within the calls of his own deed, when in fact it actually lies within the calls of his adversary's deed. This has been distinctly held by this court in a number of cases. See *Metcalfe* v. *McCutcheon,* 60 Miss. 145; *Jones* v. *Gaddis,* 67 Miss. 761, 7 So. 489; *Crowder v. Neal,* 100 Miss. 730, 57 So. 1; *Greer* v. *Pickett,* 127 Miss. 739, 90 So. 449; *Schuler* v. *McGee,* 127 Miss. 873, 90 So. 713.

The decree of the chancellor will be reversed, and the bill dismissed, in so far as it affects the seventeen acres referred to in this opinion.

*Reversed and dismissed.*