CUSIMANO *et al. v.* SPENCER *et al.*

(In Banc.   April 19, 1943.)

[13 So. (2d) 27.   No. 35174.]

ROBERDS and ANDERSON, JJ., dissenting.

**J. A. White**, of McComb, for appellants.

**F. D. Hewitt**, of McComb, for appellees.

512

Thomas Mitchell, of Magnolia, for appellees.

Griffith, J., delivered the opinion of the court.

Mrs. R. A. Spencer, late of the county of Pike, left at her death a small estate consisting of three acres of land, each acre of which was the subject of a separate or distinct metes and bounds description. The personal property of the decedent being insufficient to pay her debts, her administrator filed a petition to sell the land of the estate to pay said debts. In the administrator's petition one acre of the land was described in such manner as not

to include the acre intended, but the description was for a different acre not owned by the estate. The same erroneous description was followed in the decree ordering the sale, in the decree confirming it, and in the commissioner's deed to the purchaser. J. C. Spencer became the purchaser, and paid the purchase price.

About seven years after the purchase at the commissioner's sale, J. C. Spencer filed his bill averring that the commissioner in drafting his commissioner's deed, had made a mistake in the description, and the bill prayed that the commissioner's deed be reformed so as to embrace the acre which belonged to Mrs. Spencer's estate instead of the different acre described in the commissioner's deed. Mrs. Spencer died intestate, and two of her heirs at law, appellants here, filed an amended answer and cross-bill in which it was averred that the description of the acre not owned by Mrs. Spencer ran all the way through the proceedings from the original petition of the administrator, down to and through the commissioner's deed. This averment in the cross-bill was not denied, and, therefore, stands as a fact in this record. The trial court nevertheless entered a decree reforming the commissioner's deed, so as to make it include the omitted acre, and this to the contrary of the decision by this court in Wells v. Ellabee, 93 Miss. 268, 270, 46 So. 497, that a commissioner's deed cannot be reformed when it is in accord with the decree which ordered the sale. The reasons for this rule are so obvious that no statement of them is required.

Appellees seek, however, to defend the decree on two grounds: First, that the heirs at law, including appellants, received and accepted the balance of the proceeds of the sale, after the debts had been paid therefrom, and that they are thereby estopped to interfere now, even as to the acre not sold by the commissioner. The trial court found this to be the fact, but appellees' contention as to the omitted acre has been decided against them by Pearson v. Caldwell, 93 Miss. 637, 47 So. 436. The estoppel

is limited to the land described in the proceedings by which it was sold, and does not extend to land not thereby sold, even though otherwise intended.

The second ground is that inasmuch as the purchaser, J. C. Spencer, paid the purchase price, was a purchaser in good faith, and has been in possession more than two years, he is protected by the two-year statute of limitations applicable to sales made by order of the chancery court, sec. 2315, Code 1930, which statute reads as follows: "An action shall not be brought to recover any property hereafter sold by order of a chancery court, where the sale is in good faith and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of the property."

What the purchaser here took possession of was not the acre sold by the commissioner. The acre of which he took possession was owned by Mrs. Spencer, it is true, but it is also true that it was not sold by the commissioner. If the statute were given the interpretation contended for by appellees, we would have to amend it so that it would read, "An action shall not be brought to recover any property hereafter sold, or intended to be sold, by order of the chancery court, where," etc. Although this statute has been in our codes for many years, and although it has received a construction curative of everything back of the decree of sale, it has never before been suggested that it would extend to lands not described in the decree; and no authority for such a contention has been found in other states having a similar statute. And none could foresee the dangers which such a construction as urged by appellees would import into such cases. For instance, a decree has ordered the sale of a certain parcel of land which, as described, has little or no value, and consequently would obtain bidders at the sale for a low price only. But the purchaser takes possession of another parcel of great value and which, if actually described in the decree of sale, would have brought at the sale a high price; and the purchaser having taken possession of the

more valuable parcel, he comes in after two years and says that the latter parcel was the one intended to be sold, and which he thought he had bought at the sale, and invokes the cited two-year statute. He would not be seriously heard to make such a contention, and this being a sufficient illustration, and since the test of the soundness of any rule is what may be done under it rather than what has been done in a particular case, we pursue the discussion no further than to announce that the statute applies to the land described in the decree of sale and to no other—whatever the parties or any of them may have thought or intended, and such a construction of the statute, instead of working injustice, as the minority contends, prevents injustice.

There is no suggestion as to how the commissioner offered the three lots at the sale. He may have offered and sold them separately, and thence combined them for convenience into one deed, so far as the record shows; whence the present decree will be affirmed as to the two acres which belonged to Mrs. R. A. Spencer, and which were correctly described in the administrator's petition to sell, in the decree ordering the sale, and in the corresponding commissioner's deed; but as to the other acre owned by Mrs. Spencer but not sold by the commissioner, the decree will be reversed and the cause remanded.

After the purchase by him at the commissioner's sale, J. C. Spencer, on September 30, 1935, sold one acre of the land to Craft, who thereupon went into possession of the acre purchased and improved it, and in doing so spent more than $800 on it, all of which Craft alleges was known to appellants at the time, etc. We are of the opinion, as best can be gathered from this awkward record, that·the acre sold to Craft was one of the acres correctly described throughout the proceedings, and hence would be one of the two acres as to which we affirm the decree, and which would make Craft's title good.

But the dissenting judges have expressed doubt, and think that it is not clear that Craft's acre is one of the two

acres, title to which we have held good as against appellants. In order that no injustice may be done we now add that if, on the remand, it shall be established that Craft's acre was in fact the omitted acre, he shall have the right to show that fact, and the further facts as to his improvements made with the knowledge of appellants at the time, if he can, and so as to bring himself within the rules announced in the long line of cases illustrated by, and pointed out in, Kelso v. Robinson, 172 Miss. 828, 161 So. 135.

Affirmed in part and in part reversed and remanded.

. DISSENTING OPINION.

Roberds, J., delivered a dissenting opinion.

In my manner of thinking the opinion of a majority of my brethren is not only contrary to correct rules of law and equity but works grievous injustice. My conclusion is based upon this reasoning:

1. The acre of land in controversy was misdescribed by beginning 105 feet west of the southwest instead of the northwest corner of land owned by V. T. Lenoir. The remainder of the description is exactly the same. The opinion holds that Section 2315, Code of 1930, has no application where the land sold is misdescribed. That conclusion is reached, as I understand the opinion, by assuming that the land sold can be identified only by the erroneous description. That takes the subject by the wrong handle. It is not the misdescribed property which is sold, but the property sold is misdescribed. Suppose no property is described, which is sometimes the case, then what is the situation? The property sold in this case was that which all the parties knew and had in mind and which was delivered by the commissioner to the purchaser and which the purchaser actually received and thereafter possessed and used. All the decrees and documents describe this tract of about three acres as land

belonging to Mrs. R. A. Spencer when she died March 5, 1931, and apparently it was the only land she did own. Her administrator sold it to pay her debts and funeral expenses. It was sold in January, 1934. The commissioner's deed is dated March 30, 1934. Mrs. Spencer left surviving her seven children, her only heirs at law. They were all adults and parties to that proceeding, including Mrs. Cusimano and Mrs. Kirkland. The sale was by agreement of all concerned. The property was delivered by the commissioner to Mr. J. C. Spencer, the purchaser. He paid the purchase price. He went into possession and has been in the sole and exclusive possession of the two acres, and he and his grantee, Craft, have been in such possession of the one acre in controversy, since that time.

Whether erroneously described land is within said section has not been decided by this court, but in all other situations coming before the court this section has been liberally construed to effectuate its purpose. There is no question of good faith or payment of the purchase money here. The section was meant to cure all defects, no matter from what cause, whether before or after decree, unless suit is brought within two years after the purchaser has taken possession under such sale. Morgan v. Hazlehurst Lodge, 53 Miss. 665. It applies even though the court is without jurisdiction to appoint the guardian who made the sale. Hall v. Wells, 54 Miss. 289; Jeffries v. Dowdle, 61 Miss. 504. And even if notice is not given to defendants. Summers v. Brady, 56 Miss. 10. It applies where the sale is not made in conformity to the Constitution. Bradley v. Villere, 66 Miss. 399, 6 So. 208; and where the chancery court is without jurisdiction to make the order of sale. Moores v. Flurry, 87 Miss. 707, 40 So. 226. Where the chancellor has jurisdiction of minor heirs and the subject matter is a petition of an administratrix to sell land, defects in process and insufficiency in time of sale do not prevent application of this section. Neely et al. v. Craig et al., 162 Miss. 712, 139 So. 835. The statute is

remedial and designed especially to cure defects in probate sales by executors, administrators and guardians. Hubbard v. Massey et al., 192 Miss. 95, 4 So. (2d) 230, 494. I can see no good reason why it should not apply where the sale is in good faith and the purchase price paid and the purchaser is placed in possession of the lands and so remains for the time required by the statute merely because the land sold is erroneously described.

If this section is to be thus limited in its application it appears to be the only statute in the Code of 1930, de-designed to establish and quiet title to real property by adverse possession which is so limited. Section 2285, actions concerning land to be brought within ten years, is not so limited. Greer v. Pickett, 127 Miss. 739, 90 So. 449; Schuler v. McGee, 127 Miss. 873, 90 So. 713; Evans v. Harrison, 130 Miss. 157, 93 So. 737. By Section 2287, providing for the vesting of title by actual adverse possession for ten years, possession of part of an adjoining tract, under conditions meeting the requirements of the statute, confers title on claimant to such part although claimed through the mistaken belief it was within the calls of claimant's deed. Jones v. Gaddis, 67 Miss. 761, 7 So. 489.

2. A part of the purchase price of this land remained in the hands of the administrator after payment of the debts and funeral expenses of Mrs. Spencer. This he paid to the heirs, including appellants, according to their respective interests. These appellants well knew this money was for the purchase price of this small tract belonging to their mother. They actively participated in and agreed to the sale. In their cross bill they say appellees have had the sole and exclusive possession thereof since the sale. They make no offer to return the money. On the other hand, they assert, by cross-bill, that they and Spencer and Craft are tenants in common thereof and they ask for a sale and division of proceeds between the common owners, and, in addition, ask that J. C. Spencer and Craft be charged with rents on this acre for their

benefit. "It has been held repeatedly in Mississippi, and it is settled law here, that the acceptance of the distributive share of the purchase money realized on a sale for partition under a void decree estops." Keel v. Jones, 93 Miss. 244, 47 So. 385, and authorities therein cited, especially Willie v. Brooks, 45 Miss. 542.

3. As said in the majority opinion, it cannot be known with certainty from this record whether any improvements have been made upon the lot in question, and whether the doctrine of estoppel announced in Evans v. Forstall, 58 Miss. 30; Wynne v. Mason, 72 Miss. 424, 18 So. 422; Kelso v. Robinson, 172 Miss. 828, 161 So. 135; Frederic v. Mayers, 89 Miss. 127, 43 So. 677, and like cases, applies. This can be determined on a retrial of the cause.

**Anderson, J.**, concurs in this opinion.