Louis Cohn & Bros. *v.* Peyton.*

(Division B.   Dec. 6, 1926.)

[110 So. 509.   No. 25833.]

Adverse Possession. *Line established as boundary, and so used longer than statutory period, gives title by adverse possession, although not true governmental line.*

Where a land line was run between adjoining landowners in 1872 and a fence built thereon, and the respective premises used for more than the statutory period under the belief that the line is the true line, the title ripens by adverse possession into a perfect

title to the land so used, although it is not the true line between the governmental subdivisions.

*Corpus-Juris-Cyc. References: Adverse Possession, 2CJ, p. 137, n. 42; p. 138, n. 44.

Appeal from chancery court of Lawrence county. Hon. T. P. Dale, Chancellor.

Suit by Louis Cohn & Bros., a copartnership composed of Louis Cohn and others, against Percy Peyton. From a judgment for defendant, plaintiffs appeal. Reversed and remanded, with directions.

*Fulton Thompson, R. H. & J. H. Thompson* and *P. Z. Jones,* for appellants.

Appellants should have had a decree because they and those under whom they claim title have been continually in possession and claim title up to the old fence row for more than thirty-one years.

In case of adjoining plantations where a strip of land belonging to one is enclosed and cultivated as a part of the plantation of another, the dividing line being fixed by a hedge, which is recognized by the parties as the true boundary line, and the possession thus continues for a period of about thirty-five years, the original owner, on discovering the true line, cannot recover the strip. After ten years holding, the occupant in such case acquires title by adverse possession. *Metcalfe* v. *McCutcheon,* 60 Miss. 145; *Jones* v. *Gaddis,* 67 Miss. 791.

Occupant of land under erroneous belief that it lies within the calls of his deed acquired title by adverse possession for statutory period. *Evans* v. *Harrison,* 130 Miss. 157.

Defense of adverse possession is held sufficient although occupation was under erroneous survey. *Greer* v. *Pickett,* 127 Miss. 739.

The decree of the lower court should be reversed.

*Charles E. Gibson* and *E. B. Patterson,* for appellee.

The question here is as to the true and correct line between the properties in controversy. Appellants do not claim that the strip of land two chains wide is with-in the calls of their deed, but they assert title to it by adverse possession. Section 2458, Hemingway's Code (section 3094, Code of 1906).

It will be observed that practically all of the testimony of all of the witnesses, both for the appellants and for the appellee, put the old fence row reasonably close to the line as run and surveyed by Philip Blue. There is not the slightest hint in this record that the line surveyed by Philip Blue is not on the true and correct line divid-ing the properties in controversy. Our position is, there-fore, that if Blue's line is substantially on the old fence row, and the chancellor found as a matter of fact that it was, then this eliminates entirely the argument upon the question of adverse possession.

We have no quarrel to make with learned counsel for appellants regarding the law of adverse possession. The law of adverse possession in this state is so settled that it is useless to cite any authorities upon this question, but see 1 R. C. L., section 7; 74 So. 281.

Etheridge, J., delivered the opinion of the court.

The appellants, a partnership composed of Louis Cohn, Emil Cohn, and David Cohn, brought suit in the chan-cery court of Lawrence county for a strip of land lying between an old fence row built upon a line run in 1872 by the then owners of certain lands, to establish the lines between them. It was alleged that this fence was built as a line fence in 1872 by the then owners of the land, and kept and maintained on this line for the period of more than ten years, and that up to the date of the suit said strip had been in the possession of the complainants and their grantors, under a claim and belief of title and

ownership thereof by complainant and his vendors, and the bill prayed for a decree confirming the title to said strip of land in them.

It appears that about 1918, Cohn Bros., being then the recent purchasers of the property, some question arising about the building of a fence on this old fence row, hired a surveyor to run the line and locate it; but this surveyor, after running the line some distance below said old fence row, stopped his survey, and the fence was constructed near the old fence row. Subsequently appellee desired the line located, and secured the same surveyor, who started to run the line, to again run the line for him, and said surveyor located the line below the old fence row formerly occupied and claimed by Cohn Bros. Cohn Bros., thereupon got a surveyor named Philip Blue to run the line, and he ran it some twelve feet further on Cohn Bros.' property than the Russell line did, and still further from the old fence row. After Blue ran this line at the request of Cohn Bros., he retraced the old survey made in 1872, locating the old fence row, and locating the surveyor's marks then made, and testified that the mistake was made in 1872 by not giving to parts of sections involved the full amounts that should have been credited to them, they being oversized sections, and that the line he ran was the true line when he gave to such subdivision of a section its part of the overplus; and he also testified that this true line was below the old fence row about a distance of two chains, and a map thereof was introduced in evidence and put in the record, showing the strip in controversy.

The defendant claimed the land within this strip, and filed a cross-bill seeking to establish his title and also to recover for some timber cut within the limits of this strip. A number of witnesses testified to the running of the line in 1872, and that the fence was built on said line, and recognized by the owners as being the line

between them for a long time, much more than the statutory period of time.

The defendant in the court below himself testified that there had been an old fence on this old fence row as far back as he could recollect; that he had been reared in the community, and was, at the time of the trial, fifty-one years old; and that there had always been some kind of fence on the old fence row. There is some little confussion in the record about another fence row near the line run by Blue, on part of the land; but the defendant testified that the old fence row ran from the Columbia and Monticello public road to the river, and that there had always been some kind of fence there.

The chancellor found the line run by the surveyor, Blue, to be the true line, and decreed for defendant and cross-complainant, reciting in his decree as follows:

"The line, as laid out and surveyed by Philip Blue, between the lands of the cross-complainant, Percy Peyton, and the cross-defendants, Cohn Bros. [describing the land], be and the same is hereby established as the true and correct line; and it is further ordered, adjudged, and decreed that the title to the strip of land lying north of the line as laid out by Philip Blue, and the fence now located, be and the same is hereby quieted and confirmed in Percy Peyton."

There is no testimony that the Blue line had any fence row upon it. There was, on one end of the line, an old fence on it, some twelve or fifteen feet away from this line. We think the facts in the record are insufficient to show that this old fence, extending part of the way on the land near the Blue line, was the line fence built in 1872; but the overwhelming proof is that the old fence near where the fence is now, and which was retraced by Blue two chains north of the Blue line, is the fence row representing the old fence built in 1872 as the line fence.

It appears that this old fence, therefore, was on the line run by the original surveyor in 1872, and that the parties have claimed title with reference thereto more

than the statutory period after the establishment of said fence, and the chancellor's decree should have been that this old fence constituted the present line between the land of the respective parties. It, of course, is not the true land line, but adverse possession gives title in such case to possession under a claim of right and belief that the land contitutes the line, although in fact it did not. *Metcalfe* v. *McCutcheon,* 60 Miss. 145; *Evans* v. *Harrison,* 130 Miss. 157, 93 So. 737; *Greer* v. *Pickett,* 127 Miss. 739, 90 So. 449.

The judgment will therefore be reversed, and the cause remanded, with directions that there be a decree for appellants, establishing the line along the old fence row.

*Reversed and remanded.*