## MISSISSIPPI VALLEY TIMBER CO. v. MENGEL CO. et al.

### No. 9480.

Circuit Court of Appeals, Fifth Circuit.

June 27, 1940.

J. B. Daggett, of Marianna, Ark., for appellant.

Percy Bell, of Greenville, Miss., Gerard Brandon and Gerard H. Brandon, both of Natchez, Miss., and H. Payne Breazeale and Victor A. Sachse, both of Baton Rouge, La., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was to recover the value of cottonwood timber allegedly wrongfully cut and removed from plaintiff's lands. The claim in substance was that the lands from which the timber was cut, were accretions to and therefore parts of Section 12, and Lot 8, Section 11, Township 14, Range 9 West, Washington County, Mississippi, owned by plaintiff.

The defenses were, a denial of plaintiff's claim of ownership of the land and affirmative defenses (1) agreed boundary and (2) title by ten years limitation. Code Miss. 1930, § 2287.

The record shows that plaintiff apparently assuming that it could satisfy its burden of showing that the land in question had accreted to the shore line of its land by opinion evidence, put on only one witness and several maps, and rested its case on the opinion of this witness that the ground conditions as it now sees them in the light of the history of the changes in the river as shown by the maps, showed the land in question to be accretions to appellant's shore.

Defendants standing upon their position that the plaintiff must make out its case, and pointing to the established facts: that at one time the main channel of the river had run along the shore of plaintiff's land at the point where the "chute" or old bed of the river now runs between the shore line and the land in controversy; and that the land in controversy was formed by accretion, insists that plaintiff did not satisfy its burden of showing that this land was an accretion to plaintiff's shore line. Rather, defendant insists, plaintiff's proof did not show with the requisite definiteness, that the accretion was not to the Arkansas side or to an island, in short, plaintiff's

proof does not establish the conditions and circumstances under which the land in question formed so as to show it to be a part of his land. Tried before the court without a jury, there were findings and judgment for defendant. The District Judge agreeing with defendant, that plaintiff did not sustain the burden that was on it, indeed, that the evidence wholly failed to show how or when the land was formed or to what it was in law and in fact an accretion, found that plaintiff had failed to establish the fact indispensable to its recovery, that the land from which the timber had been cut was a part of its land.

Listening to the oral testimony of many witnesses and determining their credibility for himself, he further found; that if as originally surveyed, the true line between plaintiff's and defendant's land may have been fixed so as to include the lands in controversy, and this the evidence failed to disclose, there had been for many years, a boundary line fixed and established on the ground by use and acquiescence which placed the land in question outside of plaintiff's lands. He concluded that a case of agreed boundary[1] had been made out and that for this reason, plaintiff's case had failed. And he further concluded that proof of actual possession of the land satisfying the Mississippi statute of limitations,[2] had also been made out. But so that the decision would not be taken as a determination of the title to the land he took pains to point out that it was not intended by the decision to, and it did not adjudicate title to the real estate as a muniment of title; that it was intended to decide that under all the evidence plaintiff had not shown such title to or possession of the land as justified its having judgment for timber cut therefrom.

Plaintiff is here insisting that the judgment must be reversed, as wholly without support in the evidence, or if supported by any evidence, as clearly erroneous. Appellees invoking the provisions of Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses", insist

[1] 11 C.J.S., Boundaries, pp. 635-644, §§ 63-70; State of Arkansas v. State of Tennessee, June 3, 1940, 60 S.Ct. 1026, 84 L.Ed. ——; Lagow v. Glover, 77 Tex. 448, 14 S.W. 141; Atlantic Oil Producing Company v. Hughey, Tex.Civ.App., 107 S.W.2d 613.

[2] McCaughn v. Young, 85 Miss. 277, 37 So. 839; Cohn & Bros. v. Peyton, 145 Miss. 261, 265, 110 So. 509.

that the findings are amply supported by the evidence and that they may not be set aside as clearly erroneous.

Coming to us on a record made up entirely of oral testimony and from a decision of the District Judge in all points against it, appellant undertakes a heavy task when it seeks to have us set aside the findings against it. On the issues of boundary and limitation, it may not say there is no evidence in support of the findings. It may say only that the District Judge did not rightly appraise the evidence, did not rightly give credit where credit was due. And across the effort made here to set aside the findings, the rule requiring us not to do so where the evidence is in conflict, falls with conclusive force.

When it comes to the issue of title, plaintiff is in no better position. The District Judge finds that the evidence is wanting in probative effect to establish that the land in question accreted to plaintiff's land and unless such effect can be given to the opinion testimony of Elam, plaintiff's only witness, this must be so. For laid down years ago before Elam's time and when he did not and could not personally know anything of the river and its activities, the land in question was formed by river action but where, and when, and how and as accretion to what land, there can, on this record, only be surmise and conjecture.

In these circumstances, the findings must be approved, the judgment, that plaintiff take nothing by his suit for the timber cut, must be affirmed. Appellant's invocation of our case of Paepcke v. Kirkman, 5 Cir., 55 F.2d 814, will not do. There, the line between the tracts was definitely fixed and established, and the possession relied on was constructive. The District Judge properly held, and we affirmed the holding that such possession was in law limited to the established line. Cf. Schiele v. Kimball, Tex.Civ.App., 150 S.W. 303.

Here is testimony of actual possession, running up to an established agreed boundary line. In such a case, plaintiff fails both because the agreed boundary line prevents its claiming beyond it and because the actual possession up to that line, supports the limitation claimed by defendant.

The judgment denying recovery for the timber cut was right. It is affirmed.

Affirmed.