Bowlin, et ux. *v.* Dye, et al.

June 9, 1952.

No. 38253 (59 So. (2d) 327)

Roach & Jones, for appellants.

T. F. Badon, and Gordon & Gordon, for appellees.

712

**Lee, J.**

By appropriate pleadings and proof, the issue in this case was whether or not a certain fence was the established line between the W½ of SW¼ of SW¼ and the E½ of SW¼ of SW¼ of Section 19, Township 4 N, Range 5 E. The complainants, J. C. Bowlin et ux. maintained the affirmative, and the defendants Griff Dye et al., contended for the negative.

In 1938, Burnard McGehee owned the W½ and Jewel Nunnery owned the E½ of this 40 acres. As Nunnery wished to cut some timber the parties engaged the county surveyor, George Terrell, to run the line between them. This was done, and several days later a fence was built on that line. The expense of the survey and the fence was borne by both parties.

McGehee testified that it was a line fence. C. W. Bowlin testified that it was a line fence. Percy Sumrall, who helped to build it, testified that the parties agreed that it was a line fence. George Terrell, the surveyor, although called by the defendants as a witness, testified that it was his understanding that the parties were going to put a fence on the line which he ran. It was shown

that McGehee and his tenants possessed and used the land up to the fence until he sold to J. C. Bowlin in 1942.

As against all of this evidence, Jewel Nunnery testified that Terrell's survey, at the time, appeared to be wrong, and that he and McGehee erected the fence without any definite understanding. He admitted that he liked to have his fences on the line, and that he did not use the land west of the fence for any purpose thereafter. He subsequently sold his 20 acres, with other lands, to Griff Dye on December 27, 1940.

A short time after his purchase, Dye started to build another fence farther to the west, but McGehee stopped him. J. C. Bowlin, after he purchased from McGehee in 1942, continued the use and occupation of the land west of the fence. In 1947, although Dye again started to build the fence which he originally commenced, Bowlin objected and he did not finish it. Finally in 1949, he completed the fence and took over possession. That act brought this suit. Dye however testified that he completed the fence in 1947, and took possession of the land to the east of it.

The court dismissed the bill and the complainants have appealed here.

The great weight of the evidence supports the conclusion that McGehee and Nunnery put the fence on the line which both of them recognized, and that McGehee and his successors in title remained in possession more than ten years thereafter. In such event, the following cases are decisive: Louis Cohn & Bros. v. Peyton, 145 Miss. 261, 110 So. 509; Daniels v. Jordan, 161 Miss. 78, 134 So. 903; Kornegay v. Montgomery, 194 Miss. 274, 12 So. (2d) 423.

However, the learned chancellor, in his opinion at the conclusion of the evidence, erroneously held that the complainants had the burden of proving beyond a reasonable doubt that the fence was built on an agreed line. In Daniels v. Bush, 211 Miss. 1, 50 So. (2d) 563, it was recognized that, under Rule 11, this Court will not re-

verse a chancellor for misdirection to himself, where he reached the right result and no harm resulted. But in view of the great weight of the evidence, it is obvious that the trial court was not governed simply by the preponderance of the evidence, but that it placed upon the complainants a heavier burden than the law required.

The cause is, therefore, reversed and remanded for a new trial.

Reversed and remanded.

**Roberds, P. J.,** and **Kyle, Arrington** and **Ethridge, JJ.,** concur.

### On Suggestion of Error

July 17, 1952 (59 So. (2d) 843)

**Kyle, J.**

Two suggestions of error have been filed in this cause, one by the appellants and the other by the appellees. Both suggestions of error have been given careful consideration by the Court and in our opinion should be everruled. The appellants, however, in their suggestion of error, have directed the Court's attention to the fact that the Court, in its opinion rendered on June 9, 1952, failed to mention specifically that part of the controversy which related to the location of the fence on the boundary line between the 20-acre tract of land owned by the appellants and the tract of land lying immediately north of said 20-acre tract owned by the appellees, Homer Fenn and his wife, Willie Fenn. This response is therefore made to that part of the appellants' suggestion of error which relates to the controversy between the appellants and the appellees, Fenn.

The above-mentioned fence, according to the record, was erected in 1941. The appellants alleged in their bill of complaint that the fence was not located on the

line between the appellants' 20-acre tract and the land owned by Homer Fenn and his wife lying immediately north of the 20-acre tract, but was located some distance south of the true boundary line; and the appellants in their bill asked that the true boundary line be established by a proper survey and that the appellees, Fenn, be enjoined from trespassing upon the appellants' 20 acre tract. A surveyor was appointed by the court to make a survey of the boundary line; and the plat filed by the surveyor showed that the fence was located on the appellants' 20-acre tract and that the west end of the fence was approximately 31 feet south of the north boundary line of the 20-acre tract. According to the plat filed by the surveyor the fence appeared to extend westwardly beyond the northwest corner of the 20-acre tract approximately 35 feet on to an adjoining parcel of land in Section 24, Township 4 North, Range 4 East, which was likewise owned by the appellants. At the conclusion of the oral testimony the appellants asked permission to amend their pleadings so as to show a proper deraignment of their title to that portion of their land located in Section 24 to make the pleadings conform to the proof. The court overruled the appellants' motion to amend.

The surveyor was cross-examined concerning the distance shown in the government field notes which had been used by him in locating the range line between Range 4 East and Range 5 East; and it appeared from the testimony that an error had probably been made in the location of the northwest corner of the 20-acre tract. But, notwithstanding the fact that such error had been made by the surveyor, it appears from the testimony that the fence referred to above was not located on the true boundary line; and the chancellor erred in dismissing the bill of complaint. Upon a rehearing of the matter the court may find it is necessary to have the surveyor run the line again, so that the true line may be properly determined. If it should appear that a part of the fence is located on the land owned

by the appellants in Section 24, the appellants should be permitted to amend their pleadings so as to make them conform to the facts disclosed by the survey.

The suggestions of error are hereby overruled.

All Justices concur.