HONORA WHITE *v.* JULIUS LEFOLDT.

1. PARTITION. *Who entitled.* *Code* 1892, §§ 3097, 3120, 3121.

   Partition must be between joint tenants, tenants in common or coparceners.

2. SAME. *Sale.* *Separate property.*

   A decree ordering the sale of property owned in common, for division of the proceeds, cannot rightfully direct the sale of other property owned exclusively by one of the parties, without the consent of all the parties.

FROM the chancery court of Warren county.

HON. WILLIAM C. MARTIN, Chancellor.

Mrs. White, the appellant, was the complainant, and Lefoldt, the appellee, was defendant in the court below. The controversy between the parties arose from this state of facts: One Woolsey formerly owned the land involved in the suit, a lot in the city of Vicksburg; he leased it for a term of years, with right in the tenant to build a house on it, and to remove the house at the end of the term, it being stipulated that the house should remain personal property, and not become a part of the land or be treated as a fixture. Mrs. White, complainant, became assignee of the lease and the owner of the house. Afterwards she purchased an undivided one-half interest in the land, and defendant, Lefoldt, acquired the other half interest therein. The bill was a partition proceeding, and it sought to have the land and the house sold together, praying an ascertainment of

the value of the house, and that such value should first be paid from the proceeds to complainant, and the balance divided equally between herself and Lefoldt. The answer was so framed as to put in issue complainant's right to have the house sold with the land, and its value first charged on the proceeds, over defendant's protest. Mrs. White filed exceptions to the answer, which were overruled by the court below. From the decree overruling the exceptions, the complainant, by leave of the chancery court, appealed to the supreme court.

*Miller, Smith & Hirsh,* for appellant.

The question submitted for decision is whether or not the appellant is entitled to a decree that the house should be sold along with the land and as an entirety, the value of the house being ascertained, the appellant to have this value first paid her, and then the remainder divided between her and the appellee as equal half owners of the land.

If it shall appear upon evidence that the land itself would sell for more with the house on it, it would be equitable and right to have the property sold as an entirety, because the appellant would get the value of her house as it now stands, the appellee and appellant would get the increased value of the lot produced by a sale with the building on it. As the case now stands, the chancellor has decided in such a way as to preclude any inquiry as to whether or not the appellant's contention is right or wrong, and the appellant must move her house in case she does not buy the property at the sale. This gives an advantage to the appellee, because he could take advantage at the sale to run up the property on the appellant; he could assume the value of the house, and how much it will cost to move it, and also whether or not the appellant has a lot upon which she could place it. If she really should not have a lot upon which she can conveniently move the house, it would be a total loss to her; and the appellee, if a sale should be decreed of the land without the house, could compel the appellant to bid enough to protect her interest in the house.

*Dabney & McCabe*, for appellee.

The reporter does not find a brief for the appellee with the records; it has been misplaced.     .       . .    .

CALHOON, J., delivered the opinion of the court.

We know no statute, nor common law principle, nor adjudication in law or equity, nor sound reason which would, by any stretch, authorize or justify a court of equity, without express consent of the parties, in including in a decree of sale for partition of property owned in common other property owned exclusively by one of the parties. Partition of land must be between "joint tenants, tenants in common, or coparceners" (code 1892, § 3097); and so of personalty (*Id.*, §§ 3120, 3121). The action of the court below is affirmed, and the cause remanded for such procedure as may be desired and proper in reference to the land, exclusive of the house on it, which is the personal property of Mrs. White.