COERS *v.* WILLIAMS, et al.

No. 39280          October 11, 1954          74 So. 2d 836

*Chester L. Sumners, Will A. Hickman,* Oxford, for appellant.

*J. W. T. Falkner, Phil Stone, J. W. Price,* Oxford, for appellees.

McGEHEE, C. J.

The question for decision on this appeal is stated by the appellant to be whether or not tenants in common of a tract of land who desire to sell the same for partition of the proceeds may knowingly include in their sworn petition not only their own land but that of other nearby owners, who are not parties to the suit, offer the whole at public sale, and then force the successful bidder at the sale to pay the full amount of his bid for the purchase of all of the land, where such successful bidder has made timely objection to the confirmation of the sale on the ground above stated.

We are of the opinion, however, that there is presented in this inquiry the further and fundamental proposition of whether or not under Section 961, Code of 1942, the chancery court has any jurisdiction of a petition to sell land for partition of the proceeds of the sale as to such of the land described in the petition, order of sale and notice of sale, in which the petitioners have no

interest whatsoever, and are not therefore tenants in common with the adjoining owners as to the surplus land sought to be sold along with their own land.

The partition of land, either in kind or a sale thereof for partition of the proceeds of the sale by a decree of the chancery court, is purely a statutory proceeding. Section 961, supra, confers upon the chancery court the authority to partite or sell for division of the proceeds only such lands as are "held by joint tenants, tenants in common, or co-parceners, having an estate in possession or a right of possession * * *."

The land here involved was described in the sworn petition of the appellees as being a tract of land owned by the tenants in common in the City of Oxford, Lafayette County, Mississippi, described as follows, to-wit:

"A parcel of one acre more or less being a fraction of Lot 159 as shown on the map of the plan of the City of Oxford, Mississippi and being in Section 21, Township 8, Range 3 West in Lafayette County in said state more particularly described as beginning at the Northeast corner of said Lot 159, run thence South 16 poles, thence West 9 poles, thence North 16 poles, thence East 9 poles to the point of beginning, and being the same land conveyed to Sallie A. Thacker, later Sallie A. Thacker Vaughn, by Ida Greenlee June 22, 1920, by deed recorded in the office of the Chancery Clerk of said County in Book 84 page 427 to which said deed and record reference is hereby made, also:

"A fraction of said city lot No. 159, adjoining the above parcel of land in Section 21 Township 8 Range 3 West of Lafayette County, Mississippi, being in dimensions as follows: 50 feet East and West and 150 feet North and South and being the same parcel of land conveyed to Sallie Thacker, later Sallie A. Thacker Vaughn by William Mullins Jan. 3, 1923, by deed recorded in the office of the Chancery Clerk of said County in Book 91 Page 61 to which said deed and record reference is hereby

made for better and more complete description of said parcel of land.''

The petition further alleged in substance that the said two parcels of land had been ''owned, controlled and occupied'' by their predecessor in title under the deeds mentioned in the description for many years and that subsequent thereto the tenants in common had had the possession or the right of possession thereof, whereas it is alleged in the objections of the successful bidder at the public sale to the confirmation thereof, and to which objections the trial court sustained a demurrer, that the successful bidder made his bid at the public sale in reliance on the particular description of the land as contained in the petition, order of sale, and the notice thereof, and that thereafter before the date set for the confirmation of the sale the successful bidder found that a number of other parties claimed title to and were the owners and in possession of the greater portion of the land included in the description; that if the sale should be confirmed as made and a deed should be executed by the commissioner to the successful bidder, the same would purport to convey title to him of the land of these other owners, and would cast a cloud upon their title, such as the court would of necessity be required to cancel at their instance in future litigation; that the petitioners knew that they did not have title to a greater portion of the land which they petitioned to have sold, and that their action in obtaining a decree from the court for the sale of all the said land was a fraud on the court, and that the sale should therefore not be confirmed; that the commissioner should be directed to refund to the successful bidder his $4,000.00 bid made at the sale; and that the successful bidder at the sale had no knowledge that other parties owned a large portion of the land at the time he deposited the full purchase price with the commissioner who made the sale.

The objection to the confirmation of the sale contained the further averments that at the time the petitioners swore to and filed their petition for partition of the land described therein, one A. T. Price owned a lot contained in the description running 160 feet north and south by 100 feet east and west; that Alberta Booker owned a lot which was embraced in the said description running 100 feet east and west by 74 feet north and south; and that Millie Collins owned a lot contained in the description in the petition for partition 48.5 feet in width by 200 feet in length, and that the said tracts of land belonging to these other parties were occupied by them, and that improvements were located thereon.

The effect of the averments of these exceptions to the confirmation of the sale is in effect that these three other owners were the owners of the respective tracts of land occupied by them in fee simple, and not as joint-tenants, tenants in common, or coparceners, and that therefore the court was not authorized by Section 961, supra, or any other statute dealing with the partition of land by decree of the chancery court, to order the sale of the lands of the said separate owners; that the petitioners had no estate therein in possession or a right of possession thereto. Nevertheless the demurrer of the petitioners to the objections filed by the successful bidder was sustained, and the commissioner was directed to convey all of said land to the successful bidder upon the theory that the principle of *caveat emptor* applied. The trial court granted an interlocutory appeal to settle the controlling principles of law involved, and to avoid expense.

It is true that in the case of Wells, et al. v. Ellabee, et al., 93 Miss. 268, 46 So. 497, the Court held that "a purchaser at a sheriff's sale, or a commissioner's sale, is a purchaser *in invitum,* and the doctrine of *caveat emptor* applies in its full force." But in that case the appellees, Ellabee and another, sought to have a commissioner's deed (which had been executed and delivered

nearly two years prior to the filing of their bill) reformed so as to have stricken therefrom certain parts of the property as conveyed by him, and to make it read differently and include other property than his deed covered, and differently from the final decree, and differently from the description in the bill for partition. This bill for reformation omitted as parties defendants some of the parties to the original bill for partition. That in itself was held to be fatal, but the court proceeded to say that "a partition decree is not susceptible of correction without jurisdiction of all the parties to it, even if this bill for reformation could be entertained by the chancery court. But it cannot be so entertained." In the instant case the exceptions to the confirmation of the sale were filed prior to the decree of confirmation, and in our opinion, if the facts alleged in the exception were true, and they were admitted to be true by the demurrer, the court was without authority to confirm the sale, since the greater part of the land did not belong to the alleged tenants in common, but belonged exclusively to three other persons as separate owners of their respective parcels which were included in the petition for partition, and in order of sale and notice of sale, along with the small portion of the entire tract which belonged to the petitioners for partition. The court still had jurisdiction, since the decree of confirmation is the final decree in the case and it had not been entered when the objections to confirmation came on to be heard. We are of the opinion therefore that the sale should not have been confirmed, and that a new sale should have then been ordered only as to the land owned by said petitioners. The decree of confirmation is therefore reversed and remanded with leave to the petitioners to answer the exceptions to the confirmation as filed by the appellant, who was the successful bidder at the sale; and if the appellant is able to sustain the averments of his exceptions to the confirmation the commissioner should be directed to refund to

him the purchase price which was offered for all of the land described in the petition and notice of sale.

The particular description contained in the petition for sale, notice of sale, etc., which reads "beginning at the northeast corner of said Lot 159 run thence south 16 poles, thence west 9 poles, thence north 16 poles, thence east 9 poles to the point of beginning," and the other lot described in the petition as belonging to the petitioners, is the equivalent of a description which would read beginning at the northeast corner of said Lot 159 and run south 264 feet, thence west 148.5 feet, thence north 264 feet, thence east 148.5 feet to the point of beginning, since one pole in measuring land means a distance of 16.5 feet, and the entire description would therefore have included the lot of A. T. Price of the dimension of 100 feet east and west by 160 feet north and south, the lot of Alberta Booker, 100 feet east and west by 74 feet north and south, and the lot of Millie Collins, 48.5 feet east and west by 200 feet north and south, owned by these respective persons in fee simple and under exclusive ownership, instead of under tenancy in common, and was therefore not subject to sale under Section 961, supra.

In the case of White v. Lefoldt, 78 Miss. 173, 28 So. 818, it was held that a decree ordering the sale of property owned in common, for division of the proceeds, cannot rightfully direct the sale of other property owned exclusively by one of the parties to the suit, without the consent of all of the parties. In the instant case, most of the land was owned exclusively by persons who were not parties to the suit nor does their consent to the sale affirmatively appear in the record before us. They, not being parties to the suit, cannot be bound by the decree appealed from and neither should the purchaser at the sale be bound thereby. In the case of White v. Lefoldt, supra, the Court said: "We know no statute, nor common law principle, nor adjudication in law or equity, nor sound reason which would, by any stretch, authorize or

justify a court of equity, without express consent of the parties, in including in a decree of sale for partition of property owned in common other property owned exclusively by one of the parties. Partition of land must be between 'joint tenants, tenants in common, or coparceners' (Code 1892, Sec. 3097); and so of personalty (Id., Secs. 3120, 3121)."

Section 3097, Code of 1892, in this respect is the same as Section 961, Code of 1942, hereinbefore referred to.

The proceeding in the instant case, even though free of actual fraud, amounted to a fraud in law upon the jurisdiction of the court, and if upheld would constitute a fraud in law upon the right of the appellant, as purchaser at the sale and one who is vitally interested in the question of whether or not his $4,000.00 should be retained by the commissioner as the price paid for all of the land where the parties to the suit were not tenants in common of more than about one-fifth of the area thereof.

The cause must, therefore, be reversed and remanded for further hearing in accordance with the foregoing views.

Reversed and remanded.

*Hall, Kyle, Arrington* and *Gillespie, JJ.*, concur.